**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jeff Hibler

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF HIBLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.:** 13-cv-1354 JGB (OP) |
| Plaintiffs, | **PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S PETITION TO INTERVENE** |
| v. | **DATE:** October 21, 2013 |
| **SANTANDER CONSUMER USA, INC.,** | **TIME:** 9:00 A.M. **COURTROOM:** 1 |
| Defendant. | **HON. JESUS G. BERNAL** |

///

///

///

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................1

II.  STATEMENT OF FACTS ....................................................2

III. ARGUMENT ......................................................................3

    A. ESPEJO'S PETITION IS PROCEDURALLY DEFECTIVE..............4

       1. *Espejo failed to comply with Local Rule 7-3*...............................4

       2. *Espejo's Petition is not the proper procedural mechanism to*
         *object to Hibler and Santandar's class action settlement*...............5

    B. ESPJEO'S OBJECTIONS SHOULD BE DEFERRED UNTIL THE
       FINAL APPROVAL PROCESS.........................................................8

    C. ESPEJO MAY NOT INTERVENE PURSUANT TO FED. R. CIV.
       P. 24 BECAUSE ESPEJO DOES NOT MEET THE
       INTERVENTION ELEMENTS ......................................................10

       1. *Intervention should be denied because Espejo does not have a*
       *realistic threat that the disposition of this Action will impair Espejo's*
       *ability to protect Espejo's interest* ..........................................11

       2. *Intervention should be denied because Hibler and Hibler's counsel*
       *suitably represent the Class members, including Espejo* ..................13

         i.   *Hibler adequately represents the Class* .........................13

           a. Hibler maintains the same interests as Espejo .....13

           b. Espejo comes within the scope scope of the class
             definition .............................................................14

         ii.  Hibler's counsel has prosecuted the action vigorously in
           obtaining the largest non-facsimile settlement in TCPA
           history.................................................................16

         iii. Hibler's settlement, reached with the assistance of a
           capable mediator, is the result of hard work and strong

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

lawyering skills ............................................................17

D. ESPEIJO MAY NOT INTERVENE PURSUANT TO FED. R. CIV.
P. 24(B) BECAUSE PERMISSIVE INTERVENTION DOES NOT
FACILITATE JUDICIAL ECONOMY ...............................................18

IV.    CONCLUSION............................................................................21

TABLE OF CONTENTS

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                        PAGE(S)

*Allen Calculators v. National Cash Register Co.*,
    332 U.S. 137, 141-142 (1944) ........................................................15

*Arakaki v. Cayteano*,
    324 F.3d 1078, 1083 (9th Cir. 2003) .....................................11, 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................

*Bert v. AK Steel Corp.*,
    2008 WL 4693747 (S.D. Ohio Oct. 23, 2008) ..............................18

*Cal. Ex rel. Lockyer v. United States*,
    450 F.3d 436, 442 (9th Cir. 2006) ...............................................11

*California v. Tahoe Reg'l Planning Agency*,
    792 F.2d 775 (9th Cir. 1986) .......................................................14

*Cohorst v. BRE Props.*,
    2011 U.S. Dist. LEXIS 87342 (D. Cal. 2011)...........................6-10

*Cusack v. Bank United of Tex. FSB*,
    159 F.3d 1040 (7th Cir. 1998) ........................................................8

*Czech v. Wall St. on Demand, Inc.*,
    674 F. Supp. 2d 1102, 1106 (D. Minn. 2009) ................................1

*Davis v. J.P. Morgan Chase & Co.*,
    775 F. Supp. 2d 601, (W.D.N.Y. Apr. 6, 2011) ....................6, 8, 17

*Dial Corp. v. MG Skinner & Assocs.*,
    180 Fed. Appx. 661 (9th Cir. Cal. 2006 .........................................5

*Dennis v. Kellogg Co.*,
    2010 WL 4285011 (S.D. Cal. Oct. 14, 2010)..................................18

*Devlin v. Scardalletti*,
    536 U.S. 1, 14 (2002) ................................................................8, 12

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

TABLE OF AUTHORITIES

*Dewey v. Volkswagen of America,*

    909 F.Supp.2d 373, 2012 U.S. Dist. LEXIS 177844 (D.N.J. 2012) ...................6

*Diduck v. Kaszycki & Sons Contractors, Inc.,*

    149 F.R.D. 55, 58 (S.D.N.Y. 1993)...............................................................3

*Doe v. Cin-Lan, Inc.,*

    *2011 U.S. Dist. LEXIS 835*)................................................ 6-8, 12

*Donnelly v. Glickman,*

    159 F.3d 405, 409 (9th Cir. 1998) ............................... 11, 19-20

*Glass v. UBS Financial Services, Inc.,*

    WL 47436 (N.D. Cal. 2007*)*...........................................................10

*Hanlon v. Chrysler Corp.,*

    150 F.3d 1011, 1020 (9th Cir. 1998) ...............................................13

*Hawaii-Pacific Venture Capital Corp. v. Rothbard,*

    564 F.2d 1343 (9th Cir. 1977) ....................................................12

*Hurley v. Van Lare,*

    365 F. Supp. 186 (D.C.N.Y. 1973)....................................................15

*In re AT&T Mobility Wireless Data Servs. Sales Litig.,*

    270 F.R.D. 330 (N.D. Ill. 2010) ....................................................17

*In re: Charles Schwab, Corp.,*

    2011 U.S. Dist. LEXIS 18840 ........................................................6, 7

*In re Motor Fuel Temperature Sales Practices Litig.,*

    2011 WL 5331678 (D. Kan. Nov. 4, 2011)..........................................9

*In re NASDAQ Market-Makers Antitrust Litig.,*

    187 F.R.D. 465, 490 (S.D.N.Y. 1998)................................................3

*In re Warfarin Sodium Antitrust Litig.,*

    212 F.R.D. 231 (D. Del. 2002) ........................................................9

*Isby v. Bayh,*

    75 F.3d 1191 (7th Cir. 1996)..........................................................17

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**TABLE OF AUTHORITIES**

*Korczak v. Sedeman,*

    427 F.3d 419, 422 (7th Cir. 2005) ...................................................................8

*Lane v. Facebook, Inc.,*

    2009 U.S. Dist. LEXIS 103668 (N.D. Cal. 2009) ....................................5, 6, 19

*Larson v. Sprint Nextel Corp.,*

    2010 WL 239934 (D.N.J. Jan. 15, 2010) .......................................................17

*League of United Latin Am. Citizens v. Wilson,*

    131 F.3d 1297 (9th Cir. 1997) ............................................................10, 11, 14

*Margolis v. Hydroxatone, LLC,*

    2013 U.S. Dist. LEXIS 31346, (D.N.J. 2013) ...................................................6

*Memory Card Int'l v. St. Paul Fire & Marine Ins. Co.,*

    2013 U.S. Dist. LEXIS 101552 (C.D. Cal. July 18, 2013) ................................5

*Milliron v. T-Mobile USA, Inc.,*

    2009 WL 3345762 (D.N.J. Sept. 14, 2009) ....................................................17

*Mims v. Arrow Fin. Servs. LLC,*

    132 S. Ct. 740, 745 (U.S. 2012) .......................................................................1

*Orange County v. Air. Cal.,*

    799 F.2d 535, 539 (9th Cir. 1986) ..................................................................18

*Paine, Webber, Jackson & Curtis, Inc. v Merrill Lynch, Pierce, Fenner & Smith, Inc.,*

    564 F Supp 1358, (1983, DC Del)..................................................................18

*People ex rel Lockyer v. United States Dept. of Agriculture,*

    2006 WL 889327 (N.D. Cal.)..........................................................................19

*R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.,*

    584 F.3d 1 (1st Cir. 2009) ...............................................................................11

*Ramirez v. Greenpoint Mortg. Funding, Inc.,*

    268 F.R.D. 627 (N.D. Cal. 2010) ...................................................................13

*///*

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

**TABLE OF AUTHORITIES**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Roberts v Carrier Corp.*,

    117 FRD 426 (1987, ND Ind) ................................................................... 19

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,

    2010 WL 2486346 (C.D. Cal. June 15, 2010)............................................17

*Schomber v Jewel Cos.*,

    614 F Supp 210 (1985, ND Ill)................................................................. 19

*SEC v American Bd. of Trade, Inc.*,

    830 F2d 431 (1987, CA2 NY)................................................................... 18

*Shakman v. City of Chicago*,

    2007 WL 1468721 (N.D. Ill. May 18, 2007) .............................................8

*Spangler v. Pasadena City Bd. of Educ.*,

    522 F.3d 1326 (9th Cir. 1977) ................................................................. 18

*Stallworth v Monsanto Co.*,

    558 F2d 257, (1977, CA5 Fla) ................................................................. 18

*Stenson v. Blum*,

    476 F. Supp. 1331 (S.D.N.Y. 1979) .................................................... 13-15

*Taylor v. Lavine*,

    497 F.2d 1208 (2d Cir. 1974) ................................................................. 15

*TPI Corp. v. Merchandise Mart of South Carolina, Inc.*,

    61 F.R.D. 684 (1974)............................................................................... 19

*UAW v. Gen. Motors Corp.*,

    2006 WL 334283 (E.D. Mich. Feb. 13, 2006) ...........................................9

*U.S. v. State of Oregon*,

    913 F.2d 576, 587 (9th Cir. 1990) ........................................................11

*United States v. Allegheny-Ludlum Indus., Inc.*,

    517 F.3d 826, 845 (5th Cir. 1975) ........................................................... 13

*United States v. Alisal Water Corp.*,

    370 F.3d 915 (9th Cir. 2004) ................................................................. 13

**TABLE OF AUTHORITIES**

*United States v. City of Los Angeles*,

    288 F.3d 391, ] (9th Cir. 2002)................................................................14

*United States v. Pitney Bowes, Inc.*,

    25 F.3d 66 (2d Cir. Conn. 1994) ...............................................................3

*Van Lare v. Hurley,*

    421 U.S. 388, 196 (1975) ....................................................................15-16

*Washington Elec. Coop. Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,

    922 F.2d 92, 96 (2d Cir. 1990) ..................................................................3

**STATUTES**

47 U.S.C. § 227 ...........................................................................................1, 2

47 U.S.C. § 227(a)(1) .......................................................................................2

47 U.S.C. § 227(b)(1) .......................................................................................2

47 U.S.C. § 227(b)(1)(A) ..................................................................................2

Fed. R. Civ. P. 23 .............................................................................................7

Fed. R. Civ. P. 23(a)(4) ..................................................................................16

Fed. R. Civ. P. 23(e) ........................................................................................8

Fed. R. Civ. P. 23(e)(5) ...................................................................................6

Fed. R. Civ. P. 24 ..............................................................................2, 10, 13

Fed. R. Civ. P. 24(a) ................................................................................7, 11

Fed. R. Civ. P. 24(a)(2) ...................................................................................3

Fed. R. Civ. P. 24(b)(2) .............................................................................18-19

**Other Sources**

McLaughlin on Class Actions § 6:7 (8th ed.) ........................................9, 18

7C Wright, Miller & Kane § 1909, at 318 (1986)............................................14

**TABLE OF AUTHORITIES**

## I.   **INTRODUCTION**

The U.S. Supreme Court has noted that consumers are outraged over the proliferation of automated telephone calls that are intrusive, nuisance calls, found to be an invasion of privacy by Congress. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740, 745 (U.S. 2012); *see also Czech v. Wall St. on Demand, Inc.*, 674 F. Supp. 2d 1102, 1106 (D. Minn. 2009) ("this Court does not disagree that unwanted text messages, like spam e-mail, are an annoyance"). Throughout the country, numerous consumers have filed nationwide class action complaints against Defendant SANTANDER CONSUMER USA, INC. ("Santander") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). In the current action, Intervenor HENRY ESPEJO ("Espejo") seeks to intervene and then transfer Plaintiff JEFF HIBLER's ("Hibler") action to Northern District of Illinois following a nationwide settlement of all claims between Hibler and Santander.

Throughout Espejo's procedurally defective and legally insufficient Motions, Espejo fails to acknowledge that Espejo's Motions are moot. All class claims as alleged against Santander are resolved and settled pending approval by the Court. As a result of the settlement, no traveling needs to be conducted by any party prior to the preliminary approval hearing regarding the settlement. No trial preparation needs to be conducted. All that is required post settlement is obtaining class certification for settlement purposes and settlement approval by the Court at the preliminary hearing. For the reasons discussed herein, Hibler requests this Court to deny Espejo's Motions.

///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## II.   STATEMENT OF FACTS

Plaintiff JEFF HIBLER ("Hibler") alleges that "[b]eginning sometime on or around the spring of 2013, Defendant Santander Consumer USA, Inc. ("Santander") began to utilize Plaintiff's cellular telephone number, ending in 3242, in an attempt to collect an alleged debt owed by an individual named Christopher Barton. During this time, Defendant placed its collection calls to Plaintiff's cellular telephone on a virtual daily basis, at times placing multiple calls to Plaintiff in a single day. Defendant placed such calls from the telephone number (888) 222-4227. The calls Defendant placed to Plaintiff's cellular telephone were placed via an 'artificial or prerecorded voice' ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A)." [Plaintiff's Complaint, Dkt. No. 1 ("Complaint"), page 4, ¶ 13-25, lines 17-28]. "[A]t no time did Plaintiff provide Defendant or its agents with prior express consent to receive unsolicited voice messages, pursuant to 47 U.S.C. § 227 (b)(1)(A)." [Complaint, page 5, ¶ 18, lines 9-11]. "These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)." [Complaint, page 5, ¶ 19, lines 12-13].

On or about August 2, 2013, Plaintiff filed the above-referenced Complaint in the Central District of California on behalf of himself and a class based on the foregoing violations of 47 U.S.C. § 227 et al. On or about August 16, 2013, the Parties conducted formal mediation in the presence of Honorable Leo S. Papas. After another day of mediation before Honorable Leo S. Papas, on or about August 28, 2013, Plaintiff and Santander entered into a settlement agreement.

Proposed Intervenor Henry Espejo ("Espejo" or "Movant") now seeks to intervene in this action under the guise of Federal Rule of Civil Procedure 24. Espejo's attempt to disrupt this $345,000,000.00 settlement would cause extreme hardship to the class members while only serving to benefit Espejo's counsel. Furthermore, Espejo relies upon inapplicable authority and fails to identify that the proper time to voice Espejo's objections to Hibler and Santander's settlement is

1  during the fairness hearing.  For the reasons discussed herein, Hibler requests this

2  Court deny Espejo's Petition to Intervene.

3

4  ## II.    LEGAL STANDARD ON PETITION TO INTERVENE

5  Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right only

6  with a timely application and when the applicant claims an interest relating to the

7  property or transaction which is the subject of the action and the applicant is so

8  situated that the disposition of the action may as a practical matter impair or

9  impede the applicant's ability to protect that interest, unless the applicant's interest

10  is adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); *see also*

11  *United States v. Pitney Bowes, Inc.*, 25 F.3d at 70; *Washington Elec. Coop. Inc. v.*

12  *Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

13  Intervention will be denied unless all four requirements -- timeliness, an

14  interest relating to the subject of the action, impairment of the intervenor's ability

15  to protect his interest, and inadequate representation of the intervenor's interest by

16  existing parties -- are met. *Pitney Bowes*, 25 F.3d at 70.  Moreover, it is the

17  putative intervenor's burden to show a right to intervene. *Diduck v. Kaszycki &*

18  *Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993). See *In re NASDAQ*

19  *Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 490 (S.D.N.Y. 1998).

20  For the reasons discussed herein, this Court should deny Espejo's Motion to

21  Intervene because Espejo's Motion is fraught with baseless conjecture, innuendo

22  and legally flawed arguments.

23

24  ## III.    ARGUMENT

25  Review of Espejo's Petition makes clear that the proper procedural

26  mechanism to voice Espejo's dissatisfaction with Hibler and Santander's record

27  settlement is by objecting pursuant to Federal Rule of Civil Procedure 23. In

28  support of Espejo's Petition, Espejo's misconstrues authority in an attempt to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

intervene in this settled action. Following an objective review of this authority, it is apparent that (A) Espejo's Motion is procedurally defective; (B) Espejo's ability to opt out of the settlement protects his interest; (C) Espejo may not intervene pursuant to Fed. R. Civ. P. 24; (E) Espejo's attempt to intervene solely in order to transfer this action to the Northern District of Illinois is inappropriate; and, (F) Espejo's allegations of collusion are baseless. Therefore, Hibler requests this Court reject Espejo's Petition.

## A. ESPEJO'S PETITION IS PROCEDURALLY DEFECTIVE

Espejo's Motion to Transfer is procedurally defective for two reasons: (1) Espejo failed to comply with Local Rule 7-3; and, (2) the current Motion is not the proper procedural mechanism to object to Hibler and Santander's class action settlement.[1]

### 1. *Espejo failed to comply with Local Rule 7-3.*

Pursuant to Local Rule 7-3, seven days prior to the filing of a Motion, "[c]ounsel contemplating the filing of a motion shall first contact opposing counsel to discuss **thoroughly,** *preferably in person*, the substance of the contemplated motion and any potential resolution." In addition, the Moving Party shall also include the following statement in the Notice of Motion: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." [Emphasis added (bold)].

Here, both Espejo's Petition and Motion fail to comply with Local Rule 7-3 because Espejo failed to adequately engage Hibler's counsel in the Conference of

---

[1] Espejo also failed to comply with Local and Chambers Rules by failing to submit a Proposed Order. Specifically, ¶ 6 of Judge Bernal's Standing Order states that "[e]ach party filing...a motion...**shall** serve and electronically lodge a proposed order which sets forth the relief or action sought and a brief statement for the decision with appropriate citations (emphasis added)." See also Local Rule 5-4.4. Review of the docket establishes that Espejo has not filed a Proposed Order nor has Hibler's counsel receive a copy of such a document.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Counsel seven days prior to the filing of Espejo's Motions and failed to include the required statement in Espejo's Notice of Motions. Espejo's counsel failed to thoroughly discuss the contents of his Motions with Plaintiff's counsel, and furthermore, did not seek a potential resolution. Instead, Espejo unilaterally filed the Motions at issue. Specifically, Espejo's counsel, Jay Edelson, contacted Hibler's counsel, Joshua B. Swigart, Esq., on September 11, 2013. [Declaration of Joshua B. Swigart, Esq., page 2, ¶ 3]. During this telephonic communication, Edelson discussed Edelson's dissatisfaction with Hibler and Santander's record settlement. [*Id.* at ¶ 4]. However, Edelson failed to thoroughly discuss the contents of Espejo's Petition and Motion during this telephonic communication. [*Id.*].

Thereafter, Espejo filed Espejo's Petition and Motion only five days later on September 16, 2013. [ECF Nos. 8; and 9]. Thus, Hibler requests this Court strike Espejo's Petition and Motion for failure to comply with the Local Rules. *See Memory Card Int'l v. St. Paul Fire & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 101552 (C.D. Cal. July 18, 2013), SACV121-316 D)C (ANx) (Failure to comply with L.R.-7-3 constitutes a "procedural reason for denying the Motion"); *Dial Corp. v. MG Skinner & Assocs.*, 180 Fed. Appx. 661 (9th Cir. Cal. 2006) ("the first two Motions were struck for failure to comply with Local Rule 7-3..."); and, and, *Zand v. Mandarich Law Group, LLP*, Docket No.: SACV13-684 JVS (JCGx) (C.D. Cal. July 16, 2013) ("The parties met and conferred on June 18, 2013, only one day before Defendant filed the motion. Accordingly, because the parties failed to properly meet and confer at least seven days before Defendant filed the motion, the motion is ordered off the July 22, 2013 calendar.").

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**2.** *Espejo's Petition is not the proper procedural mechanism to object to Hibler and Santandar's class action settlement.*

Espejo, via his two respective Motions, seeks to: 1) intervene in this action; 2) then transfer the action to the Northern District of Illinois.  Espejo seeks the granting of these two motions due to Espejo's counsel's position that he can allegedly obtain a settlement that dwarfs the Hibler settlement.[2]  As discussed below, Espejo may legally voice his objection to the current settlement; however, now is not the proper time. To reiterate, Espejo, through his counsel, seeks to not only discredit a record settlement obtained in good faith by Hibler and Santander, but Movant is essentially using the two motions as tools to cause the Court to reject the settlement outright via a Motion to Transfer.[3]  The Court should not entertain such impermissible maneuvering.

In *Lane v. Facebook, Inc.*, 2009 U.S. Dist. LEXIS 103668 (N.D. Cal. 2009), a case that procedurally mirrors the current matter, various litigants sought to intervene in an action following notice that Facebook had settled all claims against it on a class action basis. *Lane*, 2009 U.S. Dist. LEXIS 103668, at *6. Following review of the arguments on both sides, the *Lane* Court found that the proposed intervenors "failed to establish that their rights to raise these issues [were] not adequately protected through the process of submitting objections that will follow upon preliminary approval of the settlement agreement." *Id*. at *20.

Similarly, in *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, (W.D.N.Y. Apr. 6, 2011), the Court denied intervention, stating: "[i]ntervention is not necessary here to protect the proposed intervenors' or other class members' interests, and there are alternatives open to them which would be less disruptive to

---

[2] The proposed Hibler settlement, if approved by the Court, will be the largest non-facsimile settlement involving TCPA related claims.

[3] Movant has failed to cite a single case which supports Movant's position that a Motion to Transfer is the proper procedural tool to object to a class action settlement. Likely because, as far as Plaintiff is aware, there is no such case.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   these proceedings and to the interests of the settling parties…. Other lower courts

2   … have recognized that where the right to object to the settlement at the Fairness

3   hearing or to opt out of the settlement exists, intervention is simply unnecessary to

4   protect a putative class member's interests." *Id*. at *6-7.

5         In denying intervention under similar circumstances, other District Courts

6   have explained: "[p]roposed intervenors may simply choose not to join this action

7   and will not be bound by it." See *Doe v. Cin-Lan*, Inc., supra at *11, or instead join

8   the settlement and participate in the Fairness Hearing as an objector to safeguard

9   the class member's interests. *In re: Charles Schwab, Corp.*, 2011 U.S. Dist. LEXIS

10  18840." *See Cohorst v. BRE Props.*, 2011 U.S. Dist. LEXIS 87342, 12-13 (D. Cal.

11  2011).[4]

12        Here, Espejo seeks to apply authority considering Fed. R. Civ. P. 24(a); and,

13  (b) in the context of individual actions to Hibler and Espejo's class action

14  complaints.  As discussed below, such authority is inapplicable due to Fed. R. Civ.

15  P. 23 which governs class actions. In nearly identical situations as the case at bar,

16  federal courts have repeatedly refused to allow named representatives in one class

17  action to intervene in another class action as a means of prematurely objecting to

18  the class action settlement. These Courts have held that: (a) intervention is

19  unnecessary because Federal Rule 23(e) specifically permits the proposed

20  intervenor to object without intervening; and, (b) if the proposed intervenor does

21  not approve of the settlement, said intervenor may exercise their right to opt out

22  and thus not be bound by it, thereby eliminating any reason to intervene.  As such,

23

---

24  [4] In addition, a plethora of other cases also support Hibler's position that Espejo's Motions to
    Transfer and Intervene are inappropriate pleadings that do not reflect the desires of the Parties.
25  In *Margolis v. Hydroxatone, LLC*, 2013 U.S. Dist. LEXIS 31346, 10-11 (D.N.J. 2013), the Court
    found that "the more appropriate forum for Margolis [Intervenor] to address her claims of
26  collusion and a reverse auction (see Margolis's Reply Brief, p. 4) is in objections to the
    settlement in the Gray Action. Rule 23(e)(5); see also, e.g., *Dewey v. Volkswagen of America*,
27  909 F.Supp.2d 373, 2012 U.S. Dist. LEXIS 177844, 2012 WL 6586511, *8 (D.N.J. 2012)
    (noting that that preliminary approval order and settlement agreement notified class members
28  that they could object to the settlement or be excluded from the class); Certainly, Margolis is not
    required to settle her claims.  *Id*.

---

Hibler requests this Court reject Espjeo's Petition to Intervene at this juncture.

### B. ESPJEO'S OBJECTIONS SHOULD BE DEFERRED UNTIL THE FINAL APPROVAL PROCESS.

Absent class members have no need to intervene to object to a class action settlement because Fed. R. Civ. P. 23(e) expressly provides that "[a]ny class member may object to" a proposed class-wide settlement. See *Devlin v. Scardalletti*, 536 U.S. 1, 14 (2002) (absent class members can, without resort to intervention, (a) "object to a settlement **at the fairness hearing** without first intervening;" and, (b) "appeal the District Court's decision to disregard their objections") (emphasis added). In *Devlin*, the United States Supreme Court explained that the proper time to object to a class action settlement is at the fairness hearing. *Devlin*, 536 U.S. at 10. If potential class members were required to intervene to protect their claims, then "one of the major goals of class action litigation – to simplify litigation involving a large number of class members with similar claims – would be defeated." *Id*. Following *Devlin*, courts have continuously denied absent class members' attempts to intervene as means of objecting to a global settlement. See, e.g., *Korczak v. Sedeman*, 427 F.3d 419, 422 (7th Cir. 2005) (acknowledging *Devlin*: "a member of a class in a class action suit, even if not a named party, can challenge a settlement that will bind him."); *Shakman v. City of Chicago*, 2007 WL 1468721, at *2 (N.D. Ill. May 18, 2007) ("Burke will not be prejudiced if intervention is denied. He will remain free, if he chooses, to object to the settlement agreement and to opt-out and pursue his individual lawsuit should the settlement be approved."); *Cohorst v. BRE Props. Inc.*, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011), 2011 U.S. Dist. LEXIS 87342; *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 608 (2011); *Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at *2-3 (E.D. Mich. Jan. 5, 2011); and, *Cusack v. Bank United of Tex. FSB*, 159 F.3d 1040, 1042 (7th Cir. 1998) (affirming denial

of intervention to challenge proposed settlement by unnamed class members where they did not make a showing that they were prejudiced or adversely affected by the class action settlement.)[5]

Here, Espejo has failed to explain why he must deviate from Rule 23 by prematurely objecting to Hibler and Santander's noteworthy settlement as opposed to properly presenting Espejo's dissatisfaction to this Court at the fairness hearing. Espejo has also failed to provide any authority contrary to the abundance of case law cited herein that repeatedly instructs proposed intervenors that **the proper forum for putting objections on the record is at the fairness hearing**. As an additional example, *Cohorst v. BRE Props. Inc.* recently examined a similar situation where competing class actions were simultaneously litigated in separate courts. In this case, Plaintiff-in-Intervention Luminita Roman ("Roman") filed a class action lawsuit against BRE Properties, Inc. ("BRE") on May 20, 2010 in the Los Angeles Superior Court alleging violations of California Penal Code § 632. *Cohorst*, 2011 U.S. Dist. LEXIS 87342, at *3. Several months later, Plaintiff Rosemary Cohorst ("Cohorst") filed an identical class action against BRE on November 17, 2010 in the San Diego Superior Court. *Id.*, at *7. Thereafter, both Roman's and Cohorst's actions were removed to federal court. *Id.* Following removal, Cohorst participated in two days of private mediation before the Honorable Herbert B. Hoffman, Ret. of Judicate West. With the assistance of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[5] See also *In re Motor Fuel Temperature Sales Practices Litig.*, 2011 WL 5331678, at *2-3 (D. Kan. Nov. 4, 2011) (denying intervention by members of New Mexico subclass to challenge proposed class settlement and conduct discovery into the settlement process, finding interests protected by opt-out or objection at final fairness hearing and unsupported collusion allegations insufficient to warrant the disruptions attending discovery); *UAW v. Gen. Motors Corp.*, 2006 WL 334283, at *3-5 (E.D. Mich. Feb. 13, 2006) (denying intervention to challenge proposed settlement by unnamed class members where bald collusion allegations were insufficient to overcome the presumption of adequate representation and the opportunity to file objections protected class members' legal interest); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 263-264 (D. Del. 2002) (denying intervention by unnamed class members to preserve their rights to object to and appeal the approval of class settlement, stating intervention unnecessary for this purpose, because opportunity to object was provided at the final fairness hearing and such objection confers eligibility to appeal), *aff'd*, 391 F.3d 516 (3rd Cir. 2004); 2 *McLaughlin on Class Actions* § 6:7 (8th ed.) ("Objections by proposed objectors or intervenors usually will be deferred until the final approval process.")

Judge Hoffman, Cohorst and BRE amicably resolved the dispute on a class-wide basis. *Id*., at *8-9. Immediately after receiving notice of the settlement, Roman filed a Petition to Intervene in the action as a means to object to the settlement. *Id*., at *7.  Ultimately, the Court denied Roman's attempt to intervene stating:

> Roman will be best served in making her claims as an objector rather than an intervenor.  As an objector, Roman will have an opportunity to make her claims regarding the adequacy of the settlement terms.

*Id*., at *22.

Hibler requests this Court to follow the copious amounts of authority that explicitly rejects Espejo's request. Adherence to the Federal Rules of Civil Procedure will allow both Hibler and Santander to properly explain why the nationwide settlement the Parties have reached is fair, reasonable and adequate.[6] Thus, Hibler requests this Court reject Espejo's Petition.

### C. ESPEJO MAY NOT INTERVENE PURSUANT TO FED. R. CIV. P. 24 BECAUSE ESPEJO DOES NOT MEET THE INTERVENTION ELEMENTS.

Espejo inexplicably seeks to completely extinguish Hibler and Santander's global class settlement by intervening in this action pursuant to Fed. R. Civ. P. 24. This request is solely supported by Espejo's misinterpretation of this statute and Espejo's failure to review Rule 24 in the context of a class action. In addition, Hibler reasserts that this Petition is procedurally improper and Espejo's objections should be stayed until the fairness hearing. Regardless, Espejo attempt to intervene in this action pursuant to Rule 24 should be denied.

As previously mentioned, to succeed on a motion to intervene, a putative

---

[6] Espejo is only objecting because **Espejo's counsel** believes the settlement terms to be insufficient which is not a basis for intervention.  "When a proposed intervenor…has vested their claim for intervention entirely over litigation strategy or legal tactics, courts have been hesitant to accord the applicant full-party status."  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997).  See also *Glass v. UBS Financial Services, Inc.*, WL 47436 (N.D. Cal. 2007).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

intervenor must establish (i) the motion to intervene was timely; (ii) practical impairment of the party's ability to protect that interest; and, (iii) lack of adequate representation of its position by any existing party. Fed. R. Civ. Pro. 24(a); *U.S. v. State of Oregon*, 913 F.2d 576, 587 (9th Cir. 1990). The movant must fulfill each of these preconditions and the failure to satisfy any of them is fatal. See *Arakaki v. Cayteano*, 324 F.3d 1078, 1083 (9th Cir. 2003) ("Each of these requirements must be satisfied to support a right to intervene"); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) ("the elements, each of which must be demonstrated in order to provide a non-party with a right to intervene…"). See also, *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); and, *R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). Thus, Espejo's Petition should be denied because (1) the settlement does not impair Espejo's ability to protect Espejo's interest; and, (2) Hibler adequately represents the class and Espejo is within the scope of relief for all class members.

### 1. *Intervention should be denied because Espejo does not have a realistic threat that the disposition of this Action will impair Espejo's ability to protect Espejo's interest.*

Rule 24(a) requires Espejo to prove that Espejo's interest in the litigation will be threatened if Espejo is unable to intervene. As discussed in detail above, Espejo cannot prove that failing to intervene will impede Espejo's ability to protect his interest because **Espejo is specifically protected by routes other than intervention**. Since Espejo has other means to protect Espejo's interests, denying intervention will not impair Espejo's rights. See *Cal. Ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Even if this lawsuit would *affect* the proposed intervenors' interests, their interests might not be *impaired* if they have 'other means' to protect them.") (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (holding that the litigation would not impair the

creditor's interests because the district court had set up a separate process that was sufficient to protect the proposed intervenor's interests.))

Furthermore, the United States Supreme Court also explained that Espejo is able to protect his interest by objecting to the settlement or by simply opting out of the Class. *Devlin*, 536 U.S. at 10. As discussed above, all courts that have addressed this issue since *Devlin* have recognized that intervention is simply unnecessary to protect the interests of individuals such as Espejo. The courts have provided alternate methods to protect such interests. See, e.g., *Doe v. Cin-Lan, Inc.*, 2011 WL 37970 (E.D. Mich. Jan. 5, 2011). In denying a motion to intervene, the court stated

> [p]roposed intervenors may simply choose not to join this action and they will not be bound by it...Alternatively, should proposed intervenors choose to join this settlement, but also wish to object to it, they may voice their concerns in writing and in person at the fairness hearing.

*Doe*, 2011 WL 37970, at *2.

Here, the deadline for filing written objections to the settlement and the fairness hearing have yet to be set.[7] As such, Espejo has an extensive amount of time to prepare Espejo's objections in order to present said objections before this Court. As Espejo's counsel is aware, the Court will address any criticism regarding notice or objections to the settlement that it properly receives and considers at the fairness hearing.[8] Since Espejo will have ample opportunity to object to the settlement even if Espejo's Petition is denied, Espejo cannot be impaired if said Petition is not granted. In the alternative, Espejo, like every other Class member,

---

[7] The hearing date for the preliminary settlement hearing has not been set yet, but Plaintiff anticipates the scheduling of the hearing date shortly.

[8] See *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (explaining that a party did not meet their burden of demonstrating that the "disposition of the class action...impair[ed] or imped[ed] their ability to protect their interests" since the parties could "participate in the class action judgment").

is afforded an opportunity to opt of the Class and individually pursue claims against Santander. Whatever the option that Espejo elects to exercise, intervention is not appropriate because Espejo's interests are in no way impaired by the objection and opt out process created by the settlement.[9] Thus, Hibler respectfully requests that Espejo's Petition be denied.

## 2. *Intervention should be denied because Hibler and Hibler's counsel suitably represent the Class members, including Espejo.*

Rule 24 also requires Espejo to demonstrate the lack of adequate representation of Espejo's position by any existing party. Pursuant to *Ramirez v. Greenpoint Mortg. Funding, Inc.*, 268 F.R.D. 627 (N.D. Cal. 2010), the legal adequacy of the class representatives and class counsel is determined by resolution of two questions: (i) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and, (ii) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ramirez*, 268 F.R.D. at 639 (granting class certification after finding the class representative to be adequate), citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Since Hibler and Hibler's counsel adequately represent the class, Espejo's Petition should be denied.

### i. <u>Hibler adequately represents the Class.</u>

Intervention in a class action should be denied where the class action is already represented by adequate class members. *Stenson v. Blum*, 476 F. Supp. 1331 (S.D.N.Y. 1979). Hibler is unequoivcally an adequate class member because Hibler (a) maintains the same interest as Espejo; and, (b) Espejo comes within the scope of the class definition.

---

[9] See *Id.* at 1346 (no impairment of rights where proposed intervenors could pursue "their individual claims" in a separate action); *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.3d 826, 845 (5th Cir. 1975) (ruling that proposed intervenors' interests were not impaired or impeded because they were not bound by res judicata or estoppel).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**a. Hibler maintains the same interests as Espejo.**

The most important factor in determining the adequacy of representation is how the movant's interests compare to the interests of existing parties. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) citing 7C Wright, Miller & Kane § 1909, at 318 (1986). "Under well-settled precedent in this circuit, '[w]here an application for intervention and an existing party' have the same **ultimate objective**, a presumption of adequacy arises." *League of United Latin American Citizens v. Wilson* at 1305 (citation omitted; emphasis added). "If the applicant's interest **is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation** (emphasis added). *Arakaki*, 324 F.3d at 1086 citing 7C Wright, Miller & Kane § 1909, at 318-19).

Here, Espejo cannot overcome the presumption that Hibler will adequately represent Espejo's interests. See *Arakaki*, 324 F.3d at 1086. In fact, Espejo openly admits that "both Espejo and Hibler assert similar factual allegations and nearly identical claims for relief…" [Espejo's Motion to Transfer, page 3, lines 17-18]. As such, Espejo "shares the same objective" as Hibler which establishes the presumption of adequacy here. *United States v. City of Los Angeles*, 288 F.3d 391-403 (9th Cir. 2002) ("Any differences are merely differences in strategy which are not enough to justify intervention…"). Thus, Espejo's Petition should be denied.

**b. Espejo comes within the scope of the class definition.**

Espejo's Petition should also be denied because Espejo admittedly fits within Hibler's class definition.  Specifically, Espejo and Hibler "seek to certify the same class of individuals (…those who were called by Santander on their cellular telephones without providing consent)…" [Espejo's Motion to Transfer, pages 9-10, lines 24-1]. For this very reason, *Stenson* denied the intervenors' motion to intervene, holding that intervention in a class action should be denied

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

when the plaintiff was a suitable class representative and where the proposed

intervenors came within the scope of the class definition. *Stenson*, 476 F. Supp. at

1336. The Court rationalized,

> where a suit has been designated a class action, admitting
> intervenors who raise no new issues and who fall within the
> class merely clutters the action unnecessarily…granting such a
> motion 'would mean that any member of the class, Ipso facto,
> has a right to intervene and litigate the action fully.  Such a
> construction would render class actions just as unmanageable as
> some are wont to fear them.

*Id.*[10]

Here, Hibler fully satisfies the adequacy of class representatives because

Espejo admits to come within the scope of Hibler's class definition. [Espejo's

Motion to Transfer, pages 9-10, lines 24-1]. In addition, there are no known

conflicts with the members of the Class and Hibler has vigorously protected the

interests of the Class by obtaining the largest settlement in non-facsimile TCPA

history. Espejo's only hope to attack Hibler's adequacy is to make the

unsubstantiated claim that Hibler was not privy to as much information as Espejo.

Specifically, Espejo contends that Espejo will offer insight into this action

regarding

> the technologies utilized by Santander to make the calls at
> issue, the methods by which Santander obtained the telephone
> numbers to be called, the number of calls placed to individual
> class members, Santander's internal records and procedures for
> making records of the calls in question, and Santander's

---

[10] See also, *Hurley v. Van Lare*, 365 F. Supp. 186, 196 (D.C.N.Y. 1973), Rev'd on other grounds; *Taylor v. Lavine*, 497 F.2d 1208 (2d Cir. 1974), Rev'd on other grounds; *Van Lare v. Hurley*, 421 U.S. 388, 196 (1975) ("The court granted class certification and denied a motion to intervene, stating, "the rule should be construed in accordance with its underlying purpose, which is the prevention of a multiplicity of lawsuits involving common questions of law or fact…That purpose is already satisfied where, as here, the proposed intervenors fall within a class action designation…I have therefore concluded that where a suit has been designated as a class action, admitting intervenors **who raise no new issues** and fall within the class merely clutters the action unnecessarily"); *Allen Calculators v. National Cash Register Co.*, 332 U.S. 137, 141-142 (1944).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

ultimate liability.

Espejo's Motion to Transfer, page 15, lines 12-18.

As a preliminary matter, Espejo's claims are pure fabrication. Notably, Espejo has not cited to anything to establish Hibler or Hibler's counsel's lack of knowledge because nothing exists. To the contrary, Hibler obtained substantial information through the mediation process which will be verified via confirmatory discovery and then used this information to solidify the largest non-facsimile settlement in TCPA history via an executed Settlement Agreement between Hibler and Santander. Espejo's "superior" information obtained over a two-year period lead to nothing more than a stalemate between the parties in *Espejo*. The issues that motivated the settlement were analytical – judgments regarding the meaning of the applicable legal standards – not issues pertaining to inadequate factual development. Hibler and Santander had the facts and fully identified the strengths and weaknesses of each claim. Despite these competing contentions, Hibler and Santander solidified a $345,000,000.00 global settlement which certainly provides substantial relief for the class members.

In addition, Espejo's Petition should also be denied because Espejo "raises no new issues" and falls within Hibler's class definition. *Van Lare*, 421 U.S. at 196. Therefore, allowing Espejo to intervene in this matter "merely clutters the action unnecessarily" and will create unnecessary costs, prolong litigation and delay the fair resolution of this case. *Id*. Hibler adamantly opposes Espejo's Petition because the more money that Santander is forced to incur in defending this action, an action that Santander has already committed a substantial amount of money to resolve, the less money there is that is available to the consumers. Thus, Hibler requests this Court to honor the intent of the Parties and deny Espejo's Petition.

///

**ii. Hibler's counsel has prosecuted the action vigorously in obtaining the largest non-facsimile settlement in TCPA history.**

Rule 23(a)(4) requires that class counsel will adequately represent the interests of the class. Hibler's asserts that adequacy is satisfied here because the named Plaintiffs have no known conflicts with the members of the Class and will fairly and adequately protect the interests of the Class. Further, Hibler's class counsel are adequate to service the litigation needs of the Class and to prosecute their claims. In addition to negotiating the largest non-facsimile settlement in TCPA history, Hibler's counsel, Abbas Kazerounian of the Kazerouni Law Group, APC; and, Joshua B. Swigart of Hyde & Swigart, have also been instrumental in securing numerous noteworthy awards in other actions. [See attached Declarations of Joshua B. Swigart and Abbas Kazerounian].

**a. Hibler's settlement, reached with the assistance of a capable mediator, is the result of hard work and strong lawyering skills.**

As opposed to admitting that Hibler achieved a result that Espejo was unable to achieve, Espejo's counsel makes patently frivolous allegations of collusion. Such allegations not only call into question the integrity of a number of well-respected attorneys but also attack the integrity of the Honorable Leo S. Papas, the retired Federal Judge that conducted the multiple days of mediation. Espejo's counsel has presented absolutely no evidence of collusion rendering such speculation specious. Moreover, the law presumes that class action settlements entered into between competent counsel are not collusive.[11]  Similarly, there is also

---

[11] *Davis*, 775 F. Supp. 2d at 606 ("there is a presumption that class members' interests are adequately represented by the settling plaintiffs and their counsel, and the burden is on the proposed intervenors to rebut that presumption"); see also *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996); *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 350 (N.D. Ill. 2010).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  a **strong** presumption that settlements reached with the assistance of a capable

2  mediator are not collusive.[12] Thus, Espejo's counsel's inflammatory comments

3  establish nothing more than petty jealousy that Espejo was not involved in securing

4  the largest settlement in TCPA history.  As such, Hibler requests this Court to

5  disregard such inflammatory remarks.

6

7         **D.**       **ESPEJO MAY NOT INTERVENE PURSUANT TO FED. R. CIV. P.**

8                  **24(B) BECAUSE PERMISSIVE INTERVENTION DOES NOT**
                **FACILITATE JUDICIAL ECONOMY**

9         Determining whether individual should be permitted to intervene is two-

10  stage process under Rule 24; district court must decide whether applicant's claim or

11  defense and main action have question of law or fact in common, and, if this

12  threshold requirement is met, district court must exercise its discretion in deciding

13  whether intervention should be allowed.  *Stallworth v Monsanto Co.,* 558 F2d 257,

14  (1977, CA5 Fla).[13]  **Motions to intervene which are clearly frivolous on their**

15  **face need not be granted**.  *SEC v American Bd. of Trade, Inc.,* 830 F2d 431

16  (1987, CA2 NY).  Intervenors must establish existence of jurisdictional basis for

17

18  [12] *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "**the**

19  **participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without**

20  **collusion between the parties** (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "**the assistance of an experienced mediator in the**

21  **settlement process confirms that the settlement is non-collusive** (emphasis added)"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same);

22  *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 *McLaughlin on Class Actions* § 6:7 (8th ed) ("**A settlement reached after a supervised mediation**

23  **receives a presumption of reasonableness and the absence of collusion** (emphasis added)."); and, *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14,

24  2010) (**the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was noncollusive** (emphasis added).").

25  [13] See also *Donnelly*, 159 F.3d at 412 (intervention lies within the discretion of the Court.  "In

26  exercising its discretion, the district court must decide whether intervention will unduly delay the main action or will unfairly prejudice the existing parties."); *Orange County v. Air. Cal.*,

27  799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court."); *Spangler v. Pasadena City Bd. of Educ.*, 522 F.3d 1326, 1329 (9th Cir.

28  1977) (identifying nonexclusive discretionary factors that the district court may consider when deciding whether to grant permissive intervention); Fed. R. Civ. P. 24(b)(2) (so providing).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

its claims independent of jurisdiction that court has over claims in principal action in order to intervene pursuant to Rule 24(b)(2). *Paine, Webber, Jackson & Curtis, Inc. v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F Supp 1358, (1983, DC Del). Unlike intervention as of right under Rule 24(a), permissive intervention is not within federal court's ancillary jurisdiction and must generally be supported by independent jurisdictional basis. *Schomber v Jewel Cos.,* 614 F Supp 210 (1985, ND Ill). By definition intervention is ancillary proceeding in existing lawsuit; thus when lawsuit is settled and dismissed there is no existing suit within court's jurisdiction to provide basis for permissive intervention. *Roberts v Carrier Corp.*, 117 FRD 426 (1987, ND Ind).

Hibler does not dispute Espejo's contention that there are common issues of law and fact between the two respective cases. Yet that is not the sole element that the Court needs to consider when determining whether or not permissive intervention should be granted. As the Court in *TPI Corp. v. Merchandise Mart of South Carolina, Inc.* stated: in applying Rule 24(b)(2), its purpose to prevent multiplicity of suits involving common questions of law or fact should not be ignored; however, there are two conditions which an applicant must meet in order to intervene as matter of grace: (1) applicant's claim or defense and main action have question of law or fact in common, and (2) **in its discretion, court shall determine that intervention will not unduly delay or prejudice adjudication of rights of original parties** (Emphasis added)." *TPI Corp. v. Merchandise Mart of South Carolina, Inc.*, 61 F.R.D. 684, 690 (1974).[14]

Espejo makes two arguments to satisfy the requirements of Rule 24(b), 1) as already discussed, there are common issues of law and fact, and 2) that Espejo

---

[14] Espejo's counsel also explained in *Lane*, supra, that granting permissive intervention "is left to the discretion of the court. Such intervention at this phase would not 'assist the court in its orderly procedures leading to the resolution of this case' *People ex rel Lockyer v. United States Dept. of Agriculture*, 2006 WL 889327 (N.D. Cal.) especially in light of the undue delay and prejudice to the rights of the original parties." See Plaintiff's Opposition to Proposed Intervenors' Motion for Limited Intervention, ECF No. 55, filed on October 12, 2009 in *Lane v. Facebook, Inc., et al.*, No. 08-cv-3845 RS, page 16, lines 2-6.

---

has extensive knowledge of the TCPA claims against Santander here and the defenses Santander asserts, and he understands more fully than Hibler the extent of Santander's conduct and ultimate liability. With this knowledge comes greater bargaining power, as Espejo will, without a doubt, significantly contribute to the equitable adjudication of the claims at issue whiel simultaneously preserving judicial resources and best serving the interests of the class members.

See Espejo's Petition, page 17, lines. 4-10.

There are two reasons why Plaintiff has chosen to highlight this particular section of Espejo's moving papers, 1) to show Espejo's argument, but 2) and more significant, it is illustrative of Espejo's counsel's continued argument throughout the two filed motions that **he** has the ability to resolve this matter for more money. Once again, this is the sole purpose behind Espejo's motions. It is also illustrative again on who exactly is the driving force behind these motions.  It is not Espejo.

Notwithstanding the foregoing, Espejo's argument is completely irrelevant and moot.  First, Mr. Edelson has been interim class counsel in the *Espejo* matter for two years. We are certain that he has spent more time litigating this matter than Hibler has. Yet, that does not illustrate to the Court that Mr. Edelson has prosecuted this matter in the best interests of the members of that Class. To the contrary, it is illustrative of the inability of Espejo to resolve this matter on behalf of the very class that he represents.

Furthermore, the "bargaining power" that Espejo flaunts led to counsel for Santander settling with Hibler on a global basis, and not Espejo. Could it be possible that Espejo has misread (and mishandled) the *Espejo* matter?

Lastly, Espejo's assertion that he will "significantly contribute to the equitable adjudication of the claims at issue while simultaneously preserving judicial resources and best serving the interests of the class members" is a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

bewildering statement.[15] Hibler resolved this claim globally, disallowing the settlement (which is the underlying goal of Espejo) would do the exact **opposite of what Espejo is promising to the Court**. The case would move from a settlement stage right back to a litigation stage. A stage which Espejo has admittedly sat in limbo for two years. So instead of the resolution of the claims on behalf of class members, Espejo is asking the Court to let this matter continue to be litigated at the expense of the class. Regardless of the wishes of Hibler, the Class, its members, and Defendant Santander, Plaintiff is unable to decipher exactly how Espejo's involvement would contribute to the equitable adjudication of the claims while preserving judicial resources. Espejo's actions already have wasted judicial resources. Knowledge of a claim is not directly proportional to the terms of a settlement. As Espejo has illustrated, his knowledge of the claim has caused this matter to stall and forced Santander to seek assistance via Hibler and neutral respected Fed. Judge Papas (Ret.). **Intervention will unduly delay and prejudice adjudication of rights of original parties.** As a result, Hibler requests that the Court deny said request

## IV.   CONCLUSION

For the foregoing reasons, Hibler respectfully requests the Court deny Espejo's Motion to Intervene.

Dated: September 30, 2013                              Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**

                                                      By: ____/s/ Abbas Kazerounian_____
                                                      ABBAS KAZEROUNIAN, ESQ.
                                                      ATTORNEY FOR PLAINTIFF

---

[15] The Ninth Circuit has made clear that "[t]he intervention rule is...not intended to allow the creation of whole new lawsuits by the intervenors." *Donnelly*, 159 F.3d at 412.