# EXHIBIT A

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER L. DORE*
cdore@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

SEAN P. REIS (SBN 184044)
sreis@reisfirm.com
THE REIS LAW FIRM, A.P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (714) 352-5200
Facsimile: (714) 352-5201

*Pro Hac Vice admission to be sought

Attorneys for Plaintiff-Intervenor Henry Espejo
and the Putative Class

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF HIBLER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> and <br><br> HENRY ESPEJO, individually and on behalf of all others similarly situated, <br><br> *Plaintiff-Intervenor,* <br><br> v. <br><br> SANTANDER CONSUMER USA, INC., an Illinois corporation, <br><br> *Defendant.* | No. 5:13-cv-01354-JGB-OP <br><br> **DECLARATION OF JAY EDELSON IN SUPPORT OF REPLY IN SUPPORT OF PETITION TO INTERVENE** <br><br> Judge:   Honorable Jesus G. Bernal |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I am the managing partner of Edelson LLC, which has been retained to represent Plaintiff-Intervenor Henry Espejo in the consolidated matters captioned *Espejo, et al. v. Santander Consumer USA, Inc.*, No. 11-cv-8987 (N.D. Ill.) (the "*Espejo* matter").

3. I have also been appointed interim lead class counsel in the *Espejo* matter.

4. On September 10th, 2013, I, along with my partner, Rafey Balabanian, as well as Santander's counsel, Gary Caplan of Reed Smith LLP and Chad Fuller of Goodwin Procter LLP, attended a status hearing before District Judge Kocoras of the Northern District of Illinois to update the Court, *inter alia*, on the parties' settlement efforts.

5. Under the proposed *Espejo* settlement, to which the parties had agreed in principle, Santander would have been required to make a guaranteed (i.e., without any reverter) payment of $40 million to the Class through cash payments and debt relief by submission of a "short form" claim form, and those Class members who filed a "long-form" claim form would be entitled to $100 in debt relief and/or cash per unauthorized call received.

6. Immediately prior to the September 10th hearing in the *Espejo* matter, Santander's counsel informed me of the *Hibler* case and the settlement reached there and provided me with a copy of the *Hibler* settlement agreement. After reviewing the agreement, I explained to Santander's counsel that we did not believe the settlement was in the best interests of the class, felt that it was collusive, and that we would fight its implementation. Santander's counsel informed me

(respectfully) that they understood that that would be my view and were prepared to fight all of our efforts. During the hearing, the Parties informed the Court of the *Hibler* Settlement and discussed their respective views of that settlement, including whether it was collusive and whether it was adequate as compared to the relief negotiated in *Espejo*. Immediately following the hearing, I had another conversation with Santander's counsel where we reiterated our respective plans. I understood from the two conversations and the hearing that Santander was not open to us intervening in the suit or having the case transferred to the *Espejo* court. Santander has since confirmed that view in its papers with this Court.

7. Also during that hearing, Santander's counsel represented that—setting aside the "long claim form" negotiated in the *Espejo* settlement—the *Espejo* settlement and the *Hibler* Settlement offer essentially the same relief, though Santander's counsel, Chad Fuller, stated that he thought the *Hibler* Settlement was a better deal because it offered each class member a set payment of $85 of debt relief/cash, as opposed to a minimum $100 of debt relief or $50 in cash.

8. Within two hours of the September 10th *Espejo* hearing, I, along with Rafey S. Balabanian and Benjamin H. Richman of my firm, spoke by telephone with Hibler's counsel, Josh Swigart of Hyde & Swigard. During the call, I stated, *inter alia*, that Espejo would seek to intervene in the *Hibler* matter and obtain all other relief (including transfer) that was necessary and appropriate to protect the Class's interests. In response, Mr. Swigart indicated that Hibler would proceed with the settlement and oppose any relief Espejo might request.

9. The next day, September 11th, I sent a letter to Hibler's counsel confirming the substance of our conversation the previous day, reaffirming my concerns with the *Hibler* settlement, and explaining Espejo's intention to intervene and protect the Class.

10. Mr. Swigert responded with his own four-page letter explaining (i) his support for the *Hibler* settlement, (ii) his knowledge (or lack thereof) of the *Espejo*

litigation and negotiations, and other matters pending against Santander, and (iii) his view that he would "deal with" any motion filed by Espejo "when it is filed." At no point did Hibler's counsel indicate that they believed further discussion on the Petition or Motion was necessary pursuant to Local Rule 7-3.

11.   Further, during a subsequent email exchange between Mr. Swigert's co-counsel, Abbas Kazerounian, and myself, Hibler's counsel indicated that they would only be willing to speak further about the case and Espejo's position if Espejo first withdrew his Petition to Intervene and Motion to Transfer. During that same e-mail exchange, Mr. Kazerounian informed myself that "clearly we are not going to stipulate to your motion to intervene," and "[s]ince we are at an impasse, as you say, let's just put it in front of the court."

\*           \*           \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of October, 2013 at Chicago, Illinois.



Jay Edelson

---

DECLARATION OF JAY EDELSON                               CASE NO. 5:13-CV-1354-JGB-OP