**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jeff Hibler

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF HIBLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br><br>Defendant. | Case No.: 13-cv-1354 JGB (OP)<br><br>**PLAINTIFF JEFF HIBLER'S OBJECTION TO APPLICATION OF NON-RESIDENT ATTORNEY, JAY EDELSON, TO APPEAR *PRO HAC VICE***<br><br>**HON. JESUS G. BERNAL** |

///

///

///

## I. INTRODUCTION

Plaintiff JEFF HIBLER ("Hibler") hereby submits the following objection to Jay Edelson, Esq.'s ("Edelson") *Pro Hac Vice* Request filed on October 15, 2013, ECF No. 17 on the grounds that (1) Edelson's client, Henry Espejo ("Espejo"), is not a party to this action; and, (2) Edelson is currently appearing or has appeared *pro hac vice* in nearly sixty actions in the Central District of California and other venues in California.

## II. APPLICABLE LAW

Pursuant to Local Rule 83-2.1, "[a]n appearance before the Court on behalf of **another party or a class** may be made only by an attorney admitted to the Bar of or permitted to practice before this Court (emphasis added)." Furthermore, Local Rule 83-2.3.1 permits ineligible attorneys that have "been retained to appear before this Court" to participate *pro hac vice* in a particular case. However, Local Rule 83-2.3.2 provides "an applicant is not eligible for permission to practice *pro hac vice* if the applicant (a) resides in California; or (b) is **regularly** employed in California; or (c) is **regularly** engaged in business, professional, or other similar activities in California.

## III. ARGUMENT

Here, Edelson's *pro hac vice* application should be denied because (A) Edelson does not represent a "party" in this action; and, (B) Edelson regularly practices in the State of California.

### A. EDELSON'S PRO HAC VICE APPLICATION SHOULD BE DENIED BECAUSE EDELSON DOES NOT REPRESENT A "PARTY" IN THIS ACTION.

Hibler respectfully requests this Court deny Edelson's *Pro Hac Vice* Application because Espejo is not a party to this action. On September 16, 2013, Espejo lodged a Petition to Intervene in this action for the sole purpose of transferring the action to the Northern District of Illinois. [See ECF No. 8]. While Espejo's Petition has been fully briefed, the matter, scheduled for October 21, 2013, has not yet been heard. As such, Edelson cannot claim to be making an

appearance on behalf of another party or class in this action. For that reason, Hibler asserts that Edelson's *pro hac vice* application should be denied as premature. It should be noted; however, that Hibler does not object to Edelson appearing *pro hac vice* **strictly** for purposes of pursuing Espejo's Petition to Intervene and Motion to Transfer.

### B. EDELSON'S PRO HAC VICE APPLICATION SHOULD BE DENIED BECAUSE EDELSON REGULARLY PRACTICES IN THE STATE OF CALIFORNIA.

In submitting Edelson's *pro hac vice* application, Edelson declared under the penalty of perjury that Edelson is "not regularly employed in, or engaged in substantial business professional, or other activities in the State of California." See page, 2, Section II, paragraph 2 of Edelson's application. The term "regularly" engaged in the practice of law has been interpreted to apply to as few as two cases within four months,[1] three cases in the last three years,[2] and four cases over the last four years.[3] See also, *Guguni v. Chertoff*, 2008 WL 2080788 (N.D. Cal. May 14, 2008 (five other cases held to be "regularly practices law"); *Mendoza v. Golden W. Sav. Ass'n Services, Co.*, 2009 WL 2050586 (C.D. Cal. July 7, 2009) (regular practice disqualifies counsel from *pro hac vice* admission).

Here, Edelson has litigated at least fifty-eight cases in the State of California over the years. [See Table below]. As discussed above, the Northern District of California held that merely litigating four cases in four years was sufficient reason to deny *pro hac vice* admission. Given Edelson's extensive litigation in the State of California, Hibler contends that Edelson's *pro hac vice* application violates the Local Rules and should be denied.

---

[1] *Dupont Realty Corp. v. Evonik Degussa Corp.*, 2009 WL 1708757 (E.D.N.Y. June 17, 2009).

[2] *Spirit Locker, Inc. v. Evo Direct, LLC*, 2009 WL 1449062 (E.D.N.Y. May 22, 2009).

[3] *Pangborn v. Metlife, Inc.,* 2009 WL 1617679 (E.D.N.Y. June 9, 2009)

| EDELSON'S CONDUCT IN CALIFORNIA | |
|---|---|
| **CENTRAL DISTRICT OF CALIFORNIA** | 1. *Yellin v. Wells Fargo Bank, N.A.*, 09-cv-7135 PA (SHx)[4] <br><br> 2. *Resmer v. Oversee.net, Inc.*, 09-cv-8497 MMM (VBKx)[5] <br><br> 3. *Comb v. Intermark Communications, Inc., et al.*, 09-cv-9127 SJO (PJWx) <br><br> 4. *Boorstein v. Amazon.com Inc.*, 11-cv-2328 AHM (AGRx) <br><br> 5. *Ellison v. Steven Madden Ltd.*, 11-cv-5935 PSG (AGRx) <br><br> 6. *Baxter v. Roadle Inc.*, 12-cv-585 GAF (AGRx) <br><br> 7. *Parker v. Iolo Technologies LLC*, 12-cv-984 GAF (MANx) <br><br> 8. *Kulesa v. PC Cleaner, Inc.*, 12-cv-725 FMO (ANx) <br><br> 9. *Weiss v. Lemieux Group LP*, 12-cv-4585 CBM (JCx) |
| **SOUTHERN DISTRICT OF CALIFORNIA** | 10. *In re: Jiffy Lube International, Inc., Text Spam Litigation*, 11-md-2261 JM (JMA) <br><br> 11. *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, 11-md-2258 AJB (MDD) |

---

[4] Edelson failed to disclose this matter on Edelson's *pro hac vice* application.

[5] Edelson has also failed to disclose this matter as well.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| | 12. *Heuscher v. Heartland Automotive Services Inc.*, 11-cv-1812 JM (JMA) |
| | 13. *Efird v. Sony Computer Entertainment America, LLC, et al.*, 11-cv-1885 AJB (MDD) |
| | 14. *House v. NCO Financial Systems, Inc.*, 13-cv-685 JLS WMC |
| **NORTHERN DISTRICT OF CALIFORNIA** | 15. *Satterfield v. Simon & Schuster, Inc.*, 06-cv-2893 CW |
| | 16. *Bradberry v. T-Mobile USA, Inc.*, 6-cv-6567 CW |
| | 17. *Bradberry v. mBlox, Inc.*, 07-cv-5298 CW |
| | 18. *Valdez v. Sprint Nextel Corporation*, 06-cv-7587 SC |
| | 19. *Valdez v. m-Qube, Inc., et al.*, 07-cv-6596 CW |
| | 20. *Sims v. Cellco Partnership*, 07-cv-1510 MMC |
| | 21. *Abrams v. Facebook, Inc.*, 07-cv-5378 JF |
| | 22. *Lofton v. Bank of America Corporation, et al.*, 07-cv-5892 SI |
| | 23. *In re Citibank HELOC Reduction Litigation*, 09-cv-350 MMC |
| | 24. *Schulken, et al. v. Washington Mutual Bank, Henderson, NV, et al.*, 09-cv-2708 LHK |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

25. *In re T-Mobile Sidekick Litigation*, 09-cv-4854 JW

26. *Turner v. Storm8, LLC*, 09-cv-5234 CW

27. *Hamilton v. Wells Fargo Bank, N.A.*, 09-cv-4152 CW

28. *Standiford v. Palm, Inc., et al.*, 09-cv-5719 LHK

29. *Roling v. E*Trade Securities LLC*, 10-cv-488 EMC

30. *Stokes v. Google Inc.*, 10-cv-2306 CRB

31. *In re: Facebook Privacy Litigation*, 10-cv-2389 JW

32. *Ducharme v. John C. Heath Attorney at Law PLLC, et al.*, 10-cv-2763 CRB

33. *Kramer v. Autobytel Inc., et al.*, 10-cv-2722 CW

34. *In re: Google Inc. Street View Electronic Communications Litigation*, 10-md-2184 CRB

35. *Robles v. Lucky Brand Dungarees, Inc.*, 10-cv-4846 MMC

36. *Claridge v. RockYou, Inc.*, 09-cv-6032 PJH

37. *Earll v. eBay, Inc.*, 11-cv-2626-EJD

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

PLAINTIFF JEFF HIBLER'S OBJECTION TO APPLICATION OF NON-RESIDENT ATTORNEY, JAY EDELSON, TO APPEAR *PRO HAC VICE*   PAGE 6 OF 9

38. *In re Netflix Privacy Litigation*, 11-cv-379 EJD

39. *Farrell v. OpenTable, Inc.*, 11-cv-1785 SI

40. *Efird v. Sony Computer Entertainment America, LLC, et al.*, 11-cv-2115 RS

41. *Gupta v. Apple, Inc.*, 11-md-02250 LHK

42. *Lusskin, et al. v. Google, Inc., et al.*, 11-cv-2585 YGR

43. *Glauser v. Twilio, Inc., et al.*, 11-cv-2584 PJH

44. *In re iPhone/iPad Consumer Privacy Litigation*, 11-md-2250 LHK

45. *Wood, et al v. Motorola Mobility, Inc.*, 11-cv-4409 YGR

46. *Deacon v. Pandora Media, Inc.*, 11-cv-4674 SBA

47. *Abreu v. Slide, Inc., et al.*, 12-cv-412 WHA

48. *Lagarde v. Support.com Inc.*, 12-cv-609 JSC

49. *Bayer v. Comcast Cable Communications, LLC*, 12-cv-2826 YGR

50. *Burton v. Time Warner Cable Inc.*, 12-cv-2828 SC

| | |
|---|---|
| | 51. *Hodsdon v. DirecTV, LLC*, 12-cv-2827 WHO |
| | 52. *In re LinkedIn User Privacy Litigation*, 12-cv-3088 EJD |
| | 53. *Worley v. Avanquest North America Inc.*, 12-cv-4391 WHO |
| | 54. *Bilodeau v. McAfee, Inc., et al.*, 12-cv-4589 LHK |
| | 55. *Robichaud v. SpeedyPC Software*, 12-cv-4730 LB |
| | 56. *Herrera v. Credit Bureau of Napa County, Inc.*, 13-cv-90 SI |
| | 57. *Mendoza v. UnitedHealth Group Incorporated, et al.*, 13-cv-1553 PJH |
| | 58. *Hopwood v. Nuance Communications, Inc.*, 13-cv-2132 YGR |

## IV.  CONCLUSION

Based upon the foregoing, Hibler opposes Edelson's application to appear *pro hac vice* in this action.  Given that Edelson's client is not a party to this action and that Edelson has engaged in "substantial" and "regular" litigation over a period of years, Hibler contends that no "reasonable argument can be made that such is not a 'substantial' and 'regular' business activity in California.  See *Taylor v. Chiang*, 2009 4530050 at *5.

///

///

///

Dated: October 18, 2013                             Respectfully submitted,

                                                    **KAZEROUNI LAW GROUP, APC**


                                                    By: ___/s/ Abbas Kazerounian_____
                                                           ABBAS KAZEROUNIAN, ESQ.
                                                           ATTORNEY FOR PLAINTIFF