**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jeff Hibler

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HIBLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br><br>Defendant. | **Case No.:** 13-cv-1354 JGB (OP)<br><br>**PLAINTIFF JEFF HIBLER'S OBJECTION TO APPLICATION OF NON-RESIDENT ATTORNEY, BENJAMIN RICHMAN, TO APPEAR *PRO HAC VICE***<br><br>**HON. JESUS G. BERNAL** |

///

///

///

---

**PLAINTIFF JEFF HIBLER'S OBJECTION TO APPLICATION OF NON-RESIDENT ATTORNEY, BENJAMIN RICHMAN, TO APPEAR *PRO HAC VICE***          PAGE 1 OF 7

## I. INTRODUCTION

Plaintiff JEFF HIBLER ("Hibler") hereby submits the following objection to Benjamin Richman, Esq.'s ("Richman") *Pro Hac Vice* Request filed on October 15, 2013, ECF No. 19 on the grounds that (1) Richman's client, Henry Espejo ("Espejo"), is not a party to this action; and, (2) Richman is currently appearing or has appeared *pro hac vice* in more than thirty actions in the Central District of California and other venues in California.

## II. APPLICABLE LAW

Pursuant to Local Rule 83-2.1, "[a]n appearance before the Court on behalf of **another party or a class** may be made only by an attorney admitted to the Bar of or permitted to practice before this Court (emphasis added)." Furthermore, Local Rule 83-2.3.1 permits ineligible attorneys that have "been retained to appear before this Court" to participate *pro hac vice* in a particular case. However, Local Rule 83-2.3.2 provides "an applicant is not eligible for permission to practice *pro hac vice* if the applicant (a) resides in California; or (b) is **regularly** employed in California; or (c) is **regularly** engaged in business, professional, or other similar activities in California.

## III. ARGUMENT

Here, Richman's *pro hac vice* application should be denied because (A) Richman does not represent a "party" in this action; and, (B) Richman regularly practices in the State of California.

### A. RICHMAN'S *PRO HAC VICE* APPLICATION SHOULD BE DENIED BECAUSE RICHMAN DOES NOT REPRESENT A "PARTY" IN THIS ACTION.

Hibler respectfully requests this Court deny Richman's *Pro Hac Vice* Application because Espejo is not a party to this action. On September 16, 2013, Espejo lodged a Petition to Intervene in this action for the sole purpose of transferring the action to the Northern District of Illinois. [See ECF No. 8]. While Espejo's Petition has been fully briefed, the matter, scheduled for October 21, 2013, has not yet been heard. As such, Richman cannot claim to be making an

PLAINTIFF JEFF HIBLER'S OBJECTION TO APPLICATION OF NON-RESIDENT ATTORNEY, BENJAMIN RICHMAN, TO APPEAR *PRO HAC VICE*                                    PAGE 2 OF 7

appearance on behalf of another party or class in this action. For that reason, Hibler asserts that Richman's *pro hac vice* application should be denied as premature. It should be noted; however, that Hibler does not object to Richman appearing *pro hac vice* **strictly** for purposes of pursuing Espejo's Petition to Intervene and Motion to Transfer.

### B. RICHMAN'S PRO HAC VICE APPLICATION SHOULD BE DENIED BECAUSE RICHMAN REGULARLY PRACTICES IN THE STATE OF CALIFORNIA.

In submitting Richman's *pro hac vice* application, Richman declared under the penalty of perjury that Richman is "not regularly employed in, or engaged in substantial business professional, or other activities in the State of California." See page, 2, Section II, paragraph 2 of Richman's application. The term "regularly" engaged in the practice of law has been interpreted to apply to as few as two cases within four months,[1] three cases in the last three years,[2] and four cases over the last four years.[3] See also, *Guguni v. Chertoff*, 2008 WL 2080788 (N.D. Cal. May 14, 2008 (five other cases held to be "regularly practices law"); *Mendoza v. Golden W. Sav. Ass'n Services, Co.*, 2009 WL 2050586 (C.D. Cal. July 7, 2009) (regular practice disqualifies counsel from *pro hac vice* admission).

Here, Richman has litigated at least thirty-three cases in the State of California over the years. [See Table below]. As discussed above, the Northern District of California held that merely litigating four cases in four years was sufficient reason to deny *pro hac vice* admission. Given Richman's extensive litigation in the State of California, Hibler contends that Richman's *pro hac vice* application violates the Local Rules and should be denied.

---

[1] *Dupont Realty Corp. v. Evonik Degussa Corp.*, 2009 WL 1708757 (E.D.N.Y. June 17, 2009).

[2] *Spirit Locker, Inc. v. Evo Direct, LLC*, 2009 WL 1449062 (E.D.N.Y. May 22, 2009).

[3] *Pangborn v. Metlife, Inc.*, 2009 WL 1617679 (E.D.N.Y. June 9, 2009)

| | | |
|---|---|---|
| **RICHMAN'S CONDUCT IN CALIFORNIA** | | |
| **CENTRAL DISTRICT OF CALIFORNIA** | 1. *Resmer v. Oversee.net, Inc.*, 09-cv-8497 MMM (VBKx)[4] | |
| | 2. *Comb v. Intermark Communications, Inc., et al.*, 09-cv-9127 SJO (PJWx)[5] | |
| | 3. *Robins v. Spokeo, Inc.*, 10-cv-5306 ODW (AGRx)[6] | |
| | 4. *Dioquino v. Sempris LLC*, 11-cv-5556 SJO (MRWx) | |
| | 5. *Parker v. Iolo Technologies LLC*, 12-cv-984 GAF (MANx) | |
| | 6. *Kulesa v. PC Cleaner, Inc.*, 12-cv-725 FMO (ANx) | |
| | 7. *Scornberger v. Activision Blizzard Inc.*, 12-cv-4336 SJO (JCx) | |
| | 8. *Weiss v. Lemieux Group LP*, 12-cv-4585 CBM (JCx) | |
| **SOUTHERN DISTRICT OF CALIFORNIA** | 9. *North v. Guaranteed Rate, Inc.*, 11-cv-2179 WQH (WMC) | |
| | 10. *Herrera v. First National Collection Bureau, Inc.*, 13-cv-30 JAH BGS | |
| | 11. *Applewhite v. Cashcall, Inc.*, 13-cv-35 AJB (BLM) | |

---

[4] Richman failed to disclose this matter in Richman's Application to Appear *Pro Hac Vice*.

[5] This matter was also not disclosed.

[6] Likewise, Richman failed to bring this matter to the attention of this Court.

**PLAINTIFF JEFF HIBLER'S OBJECTION TO APPLICATION OF NON-RESIDENT ATTORNEY, BENJAMIN RICHMAN, TO APPEAR *PRO HAC VICE***     PAGE 4 OF 7

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | | |
|---|---|---|
| | | 12. *House v. NCO Financial Systems, Inc.*, 13-cv-685 JLS WMC |
| | **NORTHERN DISTRICT OF CALIFORNIA** | 13. *Standiford v. Palm, Inc., et al.*, 09-cv-5719 LHK |
| | | 14. *Stokes v. Google Inc.*, 10-cv-2306 CRB |
| | | 15. *In re: Facebook Privacy Litigation*, 10-cv-2389 JW |
| | | 16. *In re: Google Inc. Street View Electronic Communications Litigation*, 10-md-2184 CRB |
| | | 17. *In Re Zynga Privacy Litigation*, 10-cv-4680 JW |
| | | 18. *Claridge v. RockYou, Inc.*, 09-cv-6032 PJH |
| | | 19. *In re Netflix Privacy Litigation*, 11-cv-379 EJD |
| | | 20. *Parino v. BidRack Inc.*, 11-cv-3149 WHA |
| | | 21. *Yordy v. Plimus, Inc., et al.*, 12-cv-229 TEH |
| | | 22. *Gross v. Symantec Corporation*, 12-cv-154 CRB |
| | | 23. *Abreu v. Slide, Inc., et al.*, 12-cv-412 WHA |
| | | 24. *Lagarde v. Support.com Inc.*, 12-cv-609 JSC |
| | | 25. *Worley v. Avanquest North America Inc.*, 12-cv-4391 WHO |

| | |
|---|---|
| | 26. *Bilodeau v. McAfee, Inc., et al.*, 12-cv-4589 LHK |
| | 27. *Trindade v. Reach Media Group LLC*, 12-cv-4759 PSG |
| | 28. *Robichaud v. SpeedyPC Software*, 12-cv-4730 LB |
| | 29. *Herrera v. Credit Bureau of Napa County, Inc.*, 13-cv-90 SI |
| | 30. *Mendoza v. UnitedHealth Group Incorporated, et al.*, 13-cv-1553 PJH |
| | 31. *Burchfield v. Corel Corporation et al.*, 13-cv-2025 LHK |
| | 32. *Hopwood v. Nuance Communications, Inc.*, 13-cv-2132 YGR |
| **EASTERN DISTRICT OF CALIFORNIA** | 33. *Fasugbe v. 1524948 Alberta LTD*, 10-cv-2320 WBS (KJNx) |

## IV. CONCLUSION

Based upon the foregoing, Hibler opposes Richman's application to appear *pro hac vice* in this action. Given that Richman's client is not a party to this action and that Richman has engaged in "substantial" and "regular" litigation over a period of years, Hibler contends that no "reasonable argument can be made that such is not a 'substantial' and 'regular' business activity in California. See *Taylor v. Chiang*, 2009 4530050 at *5.

///

///

///

///

///

| | |
|---|---|
| Dated: October 18, 2013 | Respectfully submitted, |
| | **KAZEROUNI LAW GROUP, APC** |
| | By: ___/s/ Abbas Kazerounian____ |
| | ABBAS KAZEROUNIAN, ESQ. |
| | ATTORNEY FOR PLAINTIFF |