**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jeff Hibler

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF HIBLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**SANTANDER CONSUMER USA, INC.,**<br><br>Defendant. | Case No.: 13-cv-1354 JGB (OP)<br><br>**PLAINTIFF JEFF HIBLER'S OBJECTION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE**<br><br>**HON. JESUS G. BERNAL** |

///

///

///

PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE

## I.  INTRODUCTION

Currently before this Court is Henry Espejo's ("Espejo") brief on the issue of whether it is acceptable for this Court to allow Espejo to file and be heard on claimed objections to the Parties' Class Action Settlement prior to the timeline establish by Fed. R. Civ. P. 23, thereby garnering preferential treatment over the millions of other class members.  While Espejo represents to this Court that objections are routinely heard at the preliminary approval stage, Espejo has neglected to acknowledge that Federal Rule of Civil Procedure 23 has explicitly stated the proper procedure for stating one's objections to a class settlement, and that the preliminary approval stage is not that time.  [See Espejo's Brief, ECF No. 30, page 4, lines 14-18].  In addition, the "further insight" that Espejo seeks to provide this Court is baseless, misleading and merely serves to delay the hundreds of millions of dollars that Defendant Santander Consumer USA, Inc. ("Santander") has agreed to pay in order to amicably resolve all class claims without the need for continuing and expensive litigation.  As explained below, Plaintiff Jeff Hibler ("Hibler") requests that this Court exercise its discretion in denying hearing Espejo's objections until the process established by Fed. R. Civ. P. 23 is satisfied. Specifically, Espejo should be required to act as all other class members that may want to object to the Class Settlement.

## II.  ARGUMENT

This Court should deny Espejo's request to lodge Espejo's objections to the class settlement prior to the preliminary approval hearing because (A) Fed. R. Civ. P. 23 establishes the proper procedure for objecting to a class settlement; (B) the additional information Espejo seeks to convey is superfluous; (C) this Court has sufficient information before it to determine that the class settlement is fair, reasonable and adequate at the preliminary approval stage; and, (D) permitting Espejo to objet now on the basis of an incomplete record will not allow this Court to make an informed decision.

**PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE**                PAGE 1 OF 8

### A. FED. R. CIV. P. 23 ESTABLISHES THE PROPER PROCEDURE FOR OBJECTING TO A CLASS SETTLEMENT.

As previously discussed in both Hibler and Santander's Oppositions to Espejo's Petition to Intervene and Motion to Transfer, Fed. R. Civ. P. 23 establishes the proper procedure for object to a class settlement. Entirely devoid from Espejo's moving papers is any explanation as to why this Court should treat Espejo differently than the millions of other class members and why this Court should deviate from the procedures outlined by Rule 23 in order to afford Espejo special treatment to allow Espejo to object before the rest of the class is even notified of the class settlement. Pursuant to Fed. R. Civ. P. 23(e), "[a]ny class member may object to" a proposed class-wide settlement. See *Devlin v. Scardalletti*, 536 U.S. 1, 14 (2002) (absent class members can, without resort to intervention, (a) "object to a settlement **at the fairness hearing** without first intervening;" and, (b) "appeal the District Court's decision to disregard their objections") (emphasis added). Numerous courts have continuously affirmed that the proper time for dissatisfied class members to voice their objections is at the fairness hearing. See, e.g., *Shakman v. City of Chicago*, 2007 WL 1468721, at *2 (N.D. Ill. May 18, 2007) ("Burke will not be prejudiced if intervention is denied. He will remain free, if he chooses, to object to the settlement agreement and to opt-out and pursue his individual lawsuit should the settlement be approved."); *Cohorst v. BRE Props. Inc.*, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011), 2011 U.S. Dist. LEXIS 87342; *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 608 (2011); and, *Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at *2-3 (E.D. Mich. Jan. 5, 2011).

Here, Espejo asserts that allowing Espejo to object prior to the final approval hearing and before the rest of the class even receives notice of the class settlement "will assist [this Court] in analyzing whether the proposed settlement between Hibler and Santander was reached through arms-length negotiations and is within

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE      PAGE 2 OF 8

the range of possible approval." [Espejo's Brief, page 5, lines 7-10]. It is entirely unclear why Espejo must obtain preferential treatment and present this information to the Court before the period ascribed by Rule 23 and before Espejo has even had the opportunity to review the terms of the Settlement Agreement.

First, upon the filing of Hibler's Motion for Preliminary Approval, this Court will be presented with first-hand accounts in the form of declarations signed under the penalty of perjury from Hibler's counsel, Santander's counsel and the Honorable Leo S. Papas (Ret.) which describe the procedures all parties engaged in order to avoid any unethical conduct during all settlement negotiations which resulted in the $385 million settlement. Any information that Espejo or Espejo's counsel offers to the contrary is purely hypothetical and merely serves to mislead this Court. In addition, neither Espejo nor Espejo's counsel were present during the confidential mediation before the Honorable Leo S. Papas (Ret.) conducted; thus, it is also unclear how Espejo plans to argue that the settlement negotiations were anything but arms-length.[1] As the Ninth Circuit stated in *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566 (2004), a case that Espejo relies upon, accusations of collusion that lack any "real evidence" should be disregarded. *Id*. at 577.

Second, Hibler's counsel is more than capable of providing this Court with information pertaining to the range of acceptable class action settlements. As this Court will see in Hibler's Motion for Preliminary Approval, the class action

---

[1] *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "**the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties** (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "**the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive** (emphasis added)"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 *McLaughlin on Class Actions* § 6:7 (8th ed) ("**A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion** (emphasis added)."); and, *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (**the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was noncollusive** (emphasis added)")

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

settlement of $85 cash payment to each class member, is not only within the acceptable range for such class actions but the uncapped amount is the largest non-facsimile TCPA class action settlement; rather, Espejo, like any other class member, should be heard uniformly after notice has gone out and at the final approval hearing.[2]  Thus, Espejo's request to object at the preliminary approval stage should be denied because Espejo has failed to provide any logical reason to diverge from the procedures established by Fed. R. Civ. P. 23.  Such procedures were established to protect the class and will give the Court a broad perspective of each class member's reaction to the settlement after notice is sent out and not just one out more than four million class member's view.

### B. THE ADDITIONAL INFORMATION ESPEJO SEEKS TO CONVEY ARE OBJECTIONS THAT SHOULD BE HEARD ALONG WITH THE REST OF THE CLASS.

Espejo requests this Court to disregard Fed. R. Civ. P. 23 to allow Espejo to jump in line to attempt to provide this Court with the following information: (i) the factual underpinnings of the claims at issue; (ii) the context for the settlement reached in the *Espejo* matter, Santander's motivations for settling with Hibler and why there appears to be evidence of reverse auction situation; (iii) the actual value of the Class's claims; and, (iv) Santander's valuation of the claims at issue and of the settlement reached with Hibler. [Espejo's Brief, pages 4-5, lines 28-7].

As is the theme of Espejo's Brief, it is unclear why Espejo should be permitted to object prematurely to Hibler's class settlement prior to allowing the millions of other class members to even learn of settlement.  First, this Court is fully aware of the factuals establishing the basis of Hibler's allegations against Santander.  Since Espejo has had no contact with Hibler, it is not readily ascertainable how Espejo purports to be able to provide additional facts that will

---

[2] The total settlement is uncapped making the available fund for settle in excess of $385,000,000.00 with administration costs, attorneys' fees, litigation costs and notice costs not bore by the class, but by Santander directly.

**PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE**   PAGE 4 OF 8

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

assist this Court's analysis of Hibler's class settlement. Thus, it is unnecessary for this Court to allow Espejo to prematurely object to Hibler's class settlement.

In addition, Espejo continues to misrepresent that Espejo is "uniquely situated" to explain to this Court and ignores the fact that Espejo has already presented Espejo's reverse auction "evidence" to this Court in Esepjo's Petition to Intervene and Motion to Transfer (which were denied). Specifically, no settlement was reached by Espejo and Santander; thus, allowing Espejo to object prematurely will not change this fact. Likewise, it is incredulous for Espejo to assert that Espejo has information regarding Santander's motivation for settling with Hibler. Both Hibler and Santander were represented by experienced class counsel familiar with class action procedures and the specific area of law giving rise to Hibler's allegations. Following contentious discussions during an arms-length mediation conducted by retired Federal Judge, Hibler and Santander elected to resolve the dispute in a manner that provides hundreds of millions of dollars of relief to the class members as opposed to incurring substantial fees and costs in the hopes of some day obtaining a similar result. Any assumptions that Espejo has made regarding this settlement have no basis in fact. Thus, it is unnecessary for this Court to allow Espejo to jump in line and prematurely object to Hibler's class settlement before notice is provided to the remaining millions of class members.

Furthermore, Espejo's claims of the actual value of the class are directly contradicted by the statements made by Espejo's counsel, Jay Edelson, during the October 21, 2013 oral arguments for Espejo's Petition to Intervene and Motion to Transfer. Throughout Espejo's Petition and Motion, Espejo represented to this Court that Espejo had obtained a deal that provided the class members with monetary "damages reaching into the tens (and in some cases, hundreds) of thousands of dollars." [See Espejo's Petition to Intervene, page 1, lines 17-20]. However, Mr. Edelson stated the following during oral argument:

**PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE**     PAGE 5 OF 8

> I have to make an embarrassing correction, and I apologize for this because we view ourselves as a pretty careful firm. We threw out a number, a $40 million number, when it was $30 million.[3]

As will be discussed in further detail in Hibler's Motion for Preliminary Approval, it is simply impossible for the millions of class members to each receive tens or hundreds of thousands dollars when only $30 million, presumably inclusive of fees, litigation costs and notice costs, was discussed as a potential settlement between Espejo and Santander. Since this $30 million is less than one tenth of what Hibler has obtained for the class members, it appears that Espejo claims the "actual value" the Class's claims to be approximately $4-$5. Thus, it is unnecessary for this Court to allow Espejo to prematurely object to Hibler's class settlement and the Court should allow the Class to be notified and hear all objections at the same time.

### C. HIBLER WILL PROVIDE THIS COURT WITH SUFFICIENT INFORMATION TO DETERMINE THAT THE CLASS SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AT THE PRELIMINARY APPROVAL STAGE AND THE CLASS SHOULD BE NOTIFIED OF THE SETTLEMENT.

Pursuant to Espejo's own authority,

> The preliminary determination establishes an initial presumption of fairness. *In re General Motors Corp.*, 55 F.3d 768, 785 (3rd Cir. 1995). As noted in the Manual for Complex Litigation, Second, '[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing.' Manual for Complex Litigation,

---

[3] In reality this $30 million number does not provide hundreds of thousands of dollars to the class members, but would only provide $4-$5 per member, more than twenty times less than the $85 per member obtained by Hibler. In addition, Espejo failed to even effectuate this settlement; thus, the $30 million was illusory.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

PLAINTIFF JEFF HIBLER'S OPPOSITION TO HENRY ESPEJO'S BRIEF REGARDING THE APPROPRIATENESS OF CONSIDERING COMMENTS AND OBJECTIONS TO A PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE    PAGE 6 OF 8

Second § 30.44 (1985).

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

However, District Courts have exercised discretion in deciding whether to modify the procedural requirements of Fed. R. Civ. P. 23. As discussed above in Section B of this Opposition, Espejo's objection offers nothing of value to this Court. It appears that Espejo's desire to disrupt Hibler's and Santander's class settlement is strictly motivated by the potential pecuniary gain of Espejo's counsel. Of note; however, is the fact that Espejo's **failed** settlement only provided for **one tenth** of the economic relief to the class members as Hibler's executed settlement while allowing Espejo's counsel to seek **ten times** as much as Hibler's counsel in attorneys' fees. As opposed to prematurely presenting Hibler's arguments regarding the adequacy of the settlement obtained by Hibler here, Hibler defers such discussion until Hibler's Motion for Preliminary Approval in compliance with Fed. R. Civ. P. 23. Thus, Espejo's request to object at the preliminary approval stage should be denied because Espejo has failed to provide any logical reason to diverge from the procedures established by Fed. R. Civ. P. 23.

### III. CONCLUSION

Hibler respectfully requests this Court deny Espejo's request to object to the class settlement at the preliminary approval stage and require Espejo to assert Espejo's objections in compliance with Fed. R. Civ. P. 23 because Espejo has failed to provide any valid reasons to compel this Court to grant Espejo preferential treatment. Specifically, allowing Espejo to object prior to the preliminary approval stage will merely serve to permit Espejo to unfair attack the terms of a settlement agreement that Espejo has never read and will force this Court to evaluate said settlement without all of the applicable information.

Dated: November 18, 2013             Respectfully submitted,

                                     **KAZEROUNI LAW GROUP, APC**


                                     By:  ___/s/ Abbas Kazerounian_____
                                           ABBAS KAZEROUNIAN, ESQ.
                                           ATTORNEY FOR PLAINTIFF