Chad R. Fuller (SBN 190830)
*chad.fuller@troutmansanders.com*
Naomi Spector (SBN 222573)
*naomi.spector@troutmansanders.com*
**TROUTMAN SANDERS LLP**
11682 El Camino Real, Suite 400
San Diego, California 92130
Tel.:  858.509.6000
Fax.:  858.509.6040

Abraham J. Colman (SBN 146933)
*acolman@reedsmith.com*
Felicia Y. Yu (SBN 93316)
*fyu@reedsmith.com*
**REED SMITH LLP**
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| JEFF HIBLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br><br>Defendant. | Case No. EDCV13-01354 JGB (OPx)<br><br>**CLASS ACTION**<br><br>**DEFENDANT SANTANDER CONSUMER USA, INC.'S OPPOSITION TO HENRY ESPEJO'S REQUEST TO OBJECT TO PROPOSED CLASS ACTION SETTLEMENT AT THE PRELIMINARY APPROVAL STAGE**<br><br>Judge:     Honorable Jesus G. Bernal |

Case No. 5:13-cv-01354-JGB-OPx
DEFENDANT'S OPPOSITION TO ESPEJO'S REQUEST TO OBJECT TO PROPOSED
CLASS ACTION SETTLEMENT AT PRELIMINARY APPROVAL STAGE

1    Once again, putative class member Henry Espejo has come before the Court
2 to attempt to cast doubt on the validity of the settlement legitimately arrived at
3 between Plaintiff Jeff Hibler ("Hibler") and Defendant Santander Consumer USA
4 Inc. ("Santander") in this action.  With the Court having denied his attempt to
5 intervene in this action, Espejo now asks that the Court ignore the usual procedure
6 for approval of a class action settlement—where the Court will consider objections
7 to the settlement at the final approval stage—and instead permit him to object to the
8 settlement at the preliminary approval stage.  The Court should deny Espejo's
9 request.  Espejo will have an ample opportunity to either object at the final approval
10 stage or to withdraw from the class, and he has offered no convincing justification
11 for why his objections should be privileged and heard before the potential objections
12 of any putative class members.  As such, the Court should not permit Espejo to
13 object at the preliminary approval stage.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

15    Plaintiff Hibler filed this action in the Central District of California on August
16 2, 2013.  Hibler and Santander, after participating in a mediation before the
17 Honorable Leo Papas, agreed to settle the action on a classwide basis.
18    On September 16, 2013, Espejo filed a Petition to Intervene and a Motion to
19 Transfer.  The Court heard oral arguments on the Petition to Intervene and the
20 Motion to Transfer on October 21, 2013 and denied both.
21    Espejo now comes forward to seek the Court's permission to object to the
22 class settlement in *Hibler* at the preliminary approval stage.

## II.  ARGUMENT

24    The Court should reject Espejo's attempt to object to the class settlement that
25 has been legitimately arrived at in this action at the preliminary approval stage.
26 Objections to a class settlement are appropriately made at the final approval stage,
27 when the Court has all of the necessary information before it to determine if the
28 settlement is fair.  Both Rule 23 and the relevant case law demonstrate that this is

the case. Nor has Espejo identified any reason why the Court should permit him to jump the queue by objecting before the Court hears any other potential objections and well before the Court has all the information necessary to decide whether to finally approve the settlement.

### A. The Proper Time for Objections Is at the Final Approval Stage.

The structure of Rule 23(e) demonstrates that when a court is considering a proposed class action settlement, a class member's objections follow the preliminary approval of the settlement. The subparts of Rule 23(e) are ordered in such a way that demonstrates that notice to the potential class members (pursuant to Rule 23(e)(1)) should precede the making of objections by class members (pursuant to Rule 23(e)(5)). The structure of the Rule makes eminent sense because it allows a court to avoid considering piecemeal objections to a proposed class settlement and enables consideration of all objections at one time, the final approval stage.

Case law confirms this. At the preliminary approval stage, a court is not to conduct a full fairness hearing. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008); *Dennis v. Kellogg Co.*, No. 09-CV-1786-IEG (WMC), 2013 WL 1883071, at *4 (S.D. Cal. May 3, 2013). In fact, the requirements for preliminary approval are far more lenient than those for final approval. *Ross v. Trex Co., Inc.*, No. C 09-670 JF (PVT), 2009 WL 2365865, at *4 (N.D. Cal. July 30, 2009). At the preliminary approval stage, a court is simply trying to "establish[] an initial presumption of fairness." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). In other words, a court is to determine whether the settlement is "*potentially* fair," leaving the final determination of the adequacy of the settlement for hearing on final approval. *Eddings v. Health Net, Inc.*, No. CV 10–1744–JST (RZx), 2013 WL 169895, at *2 (C.D. Cal. Jan. 16, 2013). The court, at the preliminary approval stage, "is only concerned with whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or

excessive compensation of attorneys." *Alberto*, 252 F.R.D. at 666 (quotation and citation omitted).

Objections at the preliminary approval stage are premature because much of the information that a court must consider in deciding to approve a settlement is not available until the final approval stage of the litigation. *See Dennis*, 2013 WL 1883071, at *4 (noting that a court cannot fully consider the fairness of a settlement "prior to notice and an opportunity for objection"); *see also Radosti v. Envision EMI, LLC*, 717 F. Supp. 2d 37, 43 (D.D.C. 2010) (approving terms of settlement agreement "[u]pon a searching review" of all submissions and "the entire record herein"). The preliminary approval stage merely "lay[s] the ground work for the future fairness hearing." *Alberto*, 252 F.R.D. at 659. It is therefore unlikely that the Court can properly and fully assess the settlement at the preliminary stage of the litigation because there is not a fully developed "record" enabling it to decide whether approval of the settlement is proper. In light of the deficiency of the record, objections at the preliminary approval stage are unwarranted and should not be considered.

Espejo's request also completely ignores the fact that there may be other putative class members who choose to object to the settlement. Other objections will also aid the Court in determining whether the settlement should be finally approved; Espejo cannot assume that he sufficiently speaks for all class members in this action. Further, hearing all objections at once is more efficient. There is no reason for the Court to create a two-tier system in which it could consider Espejo's objections, then potentially approve the settlement preliminarily, and then hear objections again at the final approval stage. Such an approach would unnecessarily expend limited judicial resources. Rather, the Court will be better served if it considers the necessary factors for preliminary approval based upon Hibler and Santander's briefing, notifies the class if it decides that the settlement passes preliminary muster, and then engage in a final approval hearing after *all* putative

class members (including Espejo) have had the opportunity to object and the Court has in front of it all of the information necessary to finally approve the settlement. Doing otherwise would be inefficient.

The Northern District of California considered a procedurally similar attempt by proposed intervenors to a class action settlement to object to the settlement at the preliminary approval stage. *Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2009 WL 3458198, at *4-*5 (N.D. Cal. Oct. 23, 2009). The proposed intervenors in *Lane* argued that they should be allowed to intervene (in part) to oppose the preliminary approval of the settlement agreement. *Id.* at *5. The court in *Lane* denied the proposed intervenor's motion to intervene and further rejected the argument that they should be permitted to do so to oppose preliminary approval of the settlement agreement. *Id.* The *Lane* court noted that there was no "significantly protectable interest incumbent in an opportunity to object to preliminary approval as opposed to the right to object to final approval" and further noted that the court would "make its determination as to whether final approval should be granted based on the facts and law before it at that point in time, including all timely-filed objections."[1] *Id.*

### B. Espejo's Justifications for Being Permitted to Object at the Preliminary Approval Stage Do Not Merit Divergence from the Normal Approval Process.

Aside from the clear procedural problems with Espejo's request, he has not presented the Court with any convincing justification for moving him to the front of the line of potential objectors and eschewing the procedures for class action settlement approval. While Espejo has identified some cases in which a court has exercised its discretion to hear objections at the preliminary stage, he has offered no

---

[1] The Court also noted the practical point that the proposed intervenors had already made "their objections known to the ]c]ourt through the process of moving for leave to intervene." *Lane*, 2009 WL 3458198, at *5. The court stated that "the substances of those objections has been taken into account in determining whether conditional approval…is warranted." *Id.*

Case No. 5:13-cv-01354-JGB-OPx        – 4 –
DEFENDANT'S OPPOSITION TO ESPEJO'S REQUEST TO OBJECT TO PROPOSED
CLASS ACTION SETTLEMENT AT PRELIMINARY APPROVAL STAGE

1  persuasive reason why the Court should here privilege his objections over the
2  objections of other putative class members.  Rather, he merely self-servingly states
3  that he is "uniquely situated" to object.  Espejo Brief p. 3.
4        To the contrary, a review of Espejo's stated reasons belie his claimed
5  "unique" status and demonstrate that Espejo lacks a legitimate reason for objecting
6  early.  Espejo first claims that he can offer information about the settlement
7  negotiations in the *Espejo* action in the Northern District of Illinois, but any
8  information about *Espejo* has no bearing on the preliminary fairness assessment
9  because it is *this* case and not *Espejo* that is before the Court.  *See* Espejo Brief p. 3-
10 4.  He also claims that he can provide "context" for the settlement in this lawsuit,
11 despite the fact that he did not even participate in the settlement negotiations.  *Id.* p.
12 4.  Espejo also claims (with no factual support) that he can offer information about
13 the value and/or valuation of class claims.  *Id.*  However, other courts have
14 concluded that "the amount of settlement is not the type of 'obvious defect' that
15 should derail a settlement process before it begins" and that "a complaint about the
16 settlement amount should be addressed at the final hearing," after all class members
17 have weighed in and all parties have made full presentations.  *In re Penthouse Exec.*
18 *Club Compensation Litig.*, No. 10 Civ. 1145(KMW), 2013 WL 1828598, at *3
19 (S.D.N.Y. Apr. 30, 2013).   Finally, Espejo has argued that his baseless allegations
20 regarding a "reverse auction" should permit him to jump to the front of the queue.
21 Espejo Brief p. 4.  However, Espejo has identified no case law suggesting that the
22 merest allegation of a "reverse auction" should exempt a class settlement from the
23 normal procedure under Rule 23 and grant the objector priority treatment.  The case
24 law demonstrates that courts routinely consider "reverse auction" allegations at the
25 final approval stage.  *E.g., Cohorst v. BRE Properties, Inc.*, No. 10CV2666
26 JM(BGS), 2012 WL 153754 (S.D. Cal. Jan. 18, 2012); *Smith v. CRST Van*
27 *Expedited, Inc.*, NO. 10-CV-1116- IEG WMC, 2012 WL 5873701 (S.D. Cal. Nov.
28 20, 2012).

1  Overall, Espejo has not offered any reason why any of these objections should
2  be prioritized rather than heard at the final approval stage. Espejo will have the
3  opportunity to present all of these objections "at the fairness hearing and in the
4  context of the Court's decision whether to finally approve the settlement." *Davis v.*
5  *J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 608 (W.D.N.Y. 2011). There is no
6  reason why, contrary to the established procedures of Rule 23, the objections need
7  to be heard *now* instead of at the final approval hearing.

## III. CONCLUSION

Based on the above, the Court should reject Espejo's attempt to object to the settlement in this action at the preliminary approval stage. However, if the Court determines that Espejo be permitted to object at the preliminary approval stage, Santander requests that the Court permit Hibler, Espejo, and Santander to confer and agree upon a briefing schedule for the filing and response to any such objections.

Dated:       November 18, 2013           Respectfully submitted,

By:      /s/ Abraham J. Colman
         Abraham J. Colman
         **REED SMITH LLP**
         355 South Grand Avenue, Ste 2900
         Los Angeles, CA  90071-1514
         Telephone: +1 213 457 8000
         Facsimile: +1 213 457 8080

*Attorneys for Defendant.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 18, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-4.1. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

            /s/ Abraham J. Colman
            Abraham J. Colman