UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 13-1354 JGB (OPx)** | Date | November 21, 2013 |
| Title | *Jeff Hibler v. Santander Consumer USA, Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    ORDER (1) DENYING Defendant's Application to File Under Seal its Sur-Reply and Declaration filed in Support Thereof (Doc. No. 28) (IN CHAMBERS)

On August 2, 2013, Plaintiff Jeff Hibler ("Plaintiff") filed a class action complaint against Defendant Santander Consumer USA, Inc. ("Defendant") in the Central District of California. (Doc. No. 1.) On September 16, 2013, Intervenor Henry Espejo ("Intervenor") filed a Petition to Intervene ("Petition") and a Motion to Transfer Venue ("Motion") which seeks transfer of this case to the Northern District of Illinois. (Doc. Nos. 8-9.) On September 30, 2013, Plaintiff opposed the Petition (Doc. No. 11) and the Motion (Doc. No. 12), while Defendant opposed both the Petition and the Motion in a consolidated pleading (Doc. No. 13). On October 7, 2013, Intervenor replied to the opposition to his Petition (Doc. No. 15) and to the opposition to his Motion (Doc. No. 16).

On October 17, 2013, Defendant manually filed a Sur-Reply to Intervenor Henry Espejo's Petition to Intervene and Motion to Transfer Venue.[1] (Doc. No. 20, "Sur-Reply.") The Sur-Reply requested the Court to "strike or require Espejo to file under seal those portions of his

---

[1] Pursuant to Local Rule 7-10, Defendant was required to seek approval from the Court prior to filing its Sur-Reply. "Absent prior written order of the Court, the opposing party shall not file a respond to the reply." L.R. 7-10. Here, Defendant did not comply with the Local Rules, and if its Application were not being denied for other reasons, this would have been yet another basis for denial.

Reply Briefing that are subject to the [meditation] privilege." (Sur-Reply at 2.)  Additionally, on October 17, 2013, Defendant also filed an Application for an Order by this Court permitting Defendant to file under seal: (1) its Sur-Reply and (2) the declaration filed in support of its Sur-Reply.  (Doc. No. 28, "Application.")

There is a strong presumption against filing documents under seal.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (discussing the "strong presumption in favor of access" to court records) (quotation omitted).  A party must present "compelling reasons" to seal judicial records attached to a dispositive motion.  (Id. at 1178-79.)

Here, Defendant argues that Intervenor breached his mediation privilege by disclosing confidential information from his mediations with Defendant "concerning the: (1) purported value of the class settlement; (2) volume of calls; (3) purported recovery value to individual class members; and (4) putative class size." (Sur-Reply at 4.)  However, Defendant has already disclosed this information in the Northern District of Illinois during the Status and Motion to Compel proceeding before the Honorable Judge Kocoras.  (See, Sur-Reply, Declaration of Chad Fuller, Exh. B.)  This proceeding was in open court, therefore Defendant already publically disclosed the confidential information it seeks to seal.[2]  Moreover, as this Court will determine the fairness, adequacy, and reasonableness of the settlement between Plaintiff and Defendant, disclosure of some of this confidential information will be necessary in the foreseeable future.

Accordingly, the Court DENIES Defendant's Application.

**IT IS SO ORDERED.**

---

[2] Furthermore, Defendant admitted before this Court during the October 21, 2013 hearing regarding Intervenor's Petition and Motion that it did not seek to seal the Status and Motion to Compel proceeding before Judge Kocoras.  Thus, this transcript is still readily available and is public information.