# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-1354 JGB (OPx)** | Date | July 24, 2014 |
|---|---|---|---|
| Title | *Jeff Hibler v. Santander Consumer USA, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   **Judgment & Order (1) GRANTING Plaintiff's Motion to Dismiss (Doc. No. 61); (2) VACATING the July 28, 2014 Hearing; and (3) DISMISSING Plaintiff's Claims WITH PREJUDICE and the Class Claims WITHOUT PREJUDICE (IN CHAMBERS)**

Before the Court is Plaintiff's motion to dismiss his claims with prejudice and the putative class members' claims without prejudice. ("Motion," Doc. No. 61.) Defendant filed a statement of non-opposition to the Motion. (Doc. No. 63.) The Court finds this matter appropriate for decision without a hearing pursuant to Local Rule 7-15 and vacates the July 28, 2014 hearing. After considering the papers timely filed in support of the motion, the Court GRANTS the motion and DISMISSES Plaintiff's Claims WITH PREJUDICE and the Class Claims WITHOUT PREJUDICE.

Plaintiff Jeff Hibler filed a complaint on behalf of himself and a putative class against Defendant Santander Consumer USA, Inc. on August 2, 2013. (Doc. No. 1.) On November 21, 2013, the Court denied Henry Espejo's motion to intervene and transfer this action. (Doc. No. 35.) Shortly thereafter, the Court granted the parties and Espejo's stipulation to stay the action pending further attempts to mediate a settlement. (Doc. No. 45.) The case was stayed through June 23, 2014. (Doc. No. 59.)

On June 20, 2014, Plaintiff filed the instant Motion requesting dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that a plaintiff must obtain a Court order to voluntarily dismiss an action after the defendant serves an answer or if the plaintiff is unable to obtain a stipulation signed by all parties. Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) [footnote omitted] unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Defendant has not identified any legal prejudice that it will

suffer as a result of this dismissal.  By filing a notice of non-opposition, Defendant has consented to the granting of the Motion.  L.R. 7-9, 7-12.

Plaintiff moves to dismiss this action because he no longer wishes to serve as class representative, and he intends to file bankruptcy, precluding him from pursuing any claims arising in this action. (Mot. at 3-4.)  "Because Plaintiff has informed [his] counsel that [he] no longer wishes to prosecute [his] action, 'there is no longer a 'case or controversy' to be decided within the meaning of Article III of the Constitution," and the action must be dismissed.  Hitt v. Arizona Beverage Co., LLC, No. 08CV809WQH-POR, 2009 WL 4261192, at *5 (S.D. Cal. Nov. 24, 2009) (quoting Employers–Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 924 (9th Cir. 2007)).

The Court thus finds dismissal proper pursuant to Rule 41(a)(2).  Accordingly, the Court GRANTS the Motion and DISMISSES Plaintiff's claims WITH PREJUDICE and the class claims WITHOUT PREJUDICE.  The July 28, 2014 hearing is VACATED.  The Court orders that such judgment be entered.

**IT IS SO ORDERED.**